THE CENTRAL BRANCH UNION PACIFIC RAILROAD COMPANY v. L. A. ANDREWS AND B. F. HUDSON, *as Administrators of the Estate of R. S. Andrews, Deceased.*

1. REVIEW, *Restricted to the Record.* The supreme court, in determining questions presented in a proceeding in error, can only examine and be governed by the record in such proceeding, and cannot take notice of an order made or of an action taken in a former proceeding in error brought to review an earlier judgment obtained in the same case, except so far as such order or action has been properly brought into the record of the proceeding in hand.

2. PROCEEDINGS *in District Court, not Suspended by Error to Supreme Court.* The institution of a proceeding in error in the supreme court does not of itself operate to suspend further proceedings in the case in the court below; nor will the giving of the undertaking provided for in §§ 551 and 552 of the code suspend proceedings in the district court further than to stay execution of the judgment or final order sought to be reviewed.

3. No UNDERTAKING TO STAY EXECUTION; *Power of District Court.* Where a proceeding in error is brought in the supreme court to reverse a judgment obtained in the district court, but no undertaking is given to stay execution, nor any order made to stay proceedings in the district court, and while the case is pending and undetermined in the supreme court, the party in whose favor the judgment was rendered dies, *held,* that the district court has power, upon application and upon proper notice being given, to revive the judgment in the name of the administrator of the estate of the deceased, although a proceeding is pending in the supreme court to reverse such judgment.

4. REVIVOR; *Amended Petition; Practice.* When an action is revived in the name of the personal representative of the deceased plaintiff, the petition originally filed should be amended so as to allege in an issuable form his representative capacity, and the appointment or authority

| 34 | 563 |
| 47 | 35 |
| 47 | 589 |
| 48 | 248 |
| 34 | 563 |
| 50 | 341 |
| 34 | 563 |
| 51 | 495 |
| 34 | 563 |
| 55 | 103 |
| 34 | 563 |
| 59 | 499 |
| 59 | 694 |
| 34 | 563 |
| 67 | 193 |
| 34 | 563 |
| 69 | 847 |
| 34 | 563 |
| 76 | 606 |

under which he proceeds; and failing in this,.no right to maintain the action is shown, and an objection to the introduction of any testimony under the petition should be sustained.

*Error from Atchison District Court.*

ACTION brought by *Andrews* against *The Railroad Company*, to recover damages to certain lots owned by the plaintiff in the city of Atchison. Trial at the June Term, 1884, and judgment for L. A. Andrews and B. F. Hudson, as administrators of the estate of plaintiff, deceased, for $1,500, and interest thereon from August 1, 1877. To reverse this judgment, the defendant company brings the case to this court. The facts appear in the opinion, and in *C. B. U. P. Rld. Co. v. Andrews*, 26 Kas. 702, and *C. B. U. P. Rld. Co. v. Andrews*, 30 id. 590.

*Everest & Waggener*, for plaintiff in error.

*Hudson & Tufts*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by R. S. Andrews against the Central Branch Union Pacific Railroad Company, in September, 1878. It has been here twice before, and in the reported decisions may be found a full statement of the nature of the action, and of the pleadings therein. (*C. B. U. P. Rld. Co. v. Andrews*, 26 Kas. 702; *C. B. U. P. Rld. Co. v. Andrews*, 30 id. 590.) It appears that after the case was brought here the last time, and during its pendency in this court, R. S. Andrews died. Since that time, L. A. Andrews and B. F. Hudson have assumed to represent the interest of the deceased, and have further prosecuted the action as administrators of the estate of R. S. Andrews; and at the June term, 1884, of the district court of Atchison county, they recovered a judgment against the railroad company for $1,500 and interest thereon from August 1, 1877. The present proceeding in error is brought by the railroad company to reverse that judgment. Many errors are assigned, but not all of them

need be considered.    At the last trial of the case in the dis-
trict court the railroad company questioned the right and au-
thority of the plaintiffs below to maintain the action, and
objected to the introduction of any testimony, on the alleged
ground that the petition failed to state a cause of action in
favor of the plaintiffs and against the railroad company.    The
railroad company insists that since the death of plaintiff be-
low there has been no revivor of the action or judgment, and
that the administrators of the estate of the deceased, who are
the defendants in error, had and have no authority to appear
and prosecute the action.    On the other side it is claimed that
an order of revivor was entered in this court during the pend-
ency of the former proceeding in error, upon the stipulation
of the parties to the present proceeding.    But neither the order
nor the stipulation has been brought into the record of the
present proceeding, and they may be found, if at all, in the
record of another proceeding in error, brought to reverse a
former judgment rendered in this action.    But each proceed-
ing in error is distinct and independent of the other, and the
errors assigned in each proceeding are to be de-
termined upon its own record.    In determining
errors assigned in this proceeding we must look
alone to the matters and things revealed by the present record,
and cannot examine or be governed by anything on the files
of this court in a former proceeding in error, although it was
brought to review a former judgment rendered in this case.

1. Review,
    restricted to
    the record.

There was, however, an order of revivor entered in the dis-
trict court, which we regard to be valid and sufficient.    It was
made upon due notice to the railroad company after the death
of R. S. Andrews, and while the case was pending before this
court the second time for review.    It is contended on the part
of the railroad company that at the time the order was made
neither the district court nor the judge thereof had jurisdiction
or authority to make the same, for the reason that the case had
been taken on error to the supreme court, and was pending
there when the order reviving the judgment was made.    Does

**2. Proceedings in district court, not suspended by error to supreme court.** the institution of a proceeding in error to reverse a judgment or final order necessarily operate to suspend the judgment and to stay *all* proceedings in the court below? We think not. At common law, the party against whom a judgment was rendered in a civil case was entitled to a writ of error as a matter of right, which, when issued, operated to stay execution, and no bail or security for the prosecution of the writ, or for the payment of the debt and costs, in case the judgment should be affirmed, was required or necessary to stay the execution. (Bouvier's Institutes, 545; Powell on Appellate Procedure, 275.) In most of the states this rule has been changed by statutory enactments, and these statutes determine the effect of an appeal or proceeding in error. In some states it is provided that the giving of an undertaking will operate to stay the judgment and suspend all proceedings in the court below. The statute in this state does not go to that extent, but it is provided that no proceeding to reverse, vacate or modify a judgment or final order shall operate to stay execution, unless upon the execution of a written undertaking on the part of the plaintiff in error to the adverse party. There are but two exceptions to this provision, and in these cases the judgment may be suspended without the giving of an undertaking. One of these is where the judgment directs the assignment or delivery of certain documents, and the giving of an undertaking may be obviated by placing the documents in the custody of the clerk of the court in which the judgment was rendered to abide the judgment of the appellate court. The other exception is where the judgment directs the execution of a conveyance or other instrument. In such a case the execution of the judgment may be stayed without giving an undertaking, by executing the conveyance or other instrument and depositing the same with the clerk of the court in which the judgment was rendered, to abide the judgment of the reviewing court. (Code, §§ 551, 552.) In none of the provisions of the code, however, is the undertaking made to stay any of the proceedings beyond the issuance

of an execution to enforce the judgment or final order of the court below. And § 1 of ch. 21, Gen. Stat., by implication at least, denies the proposition that the institution of a proceeding in error in this court will operate to stay all proceedings in the district court. It is there provided that the supreme court, during the pendency of a proceeding in error therein, "on such terms as may be just, may make an order suspending further proceedings in the court below until the decision of the supreme court." (Comp. Laws 1879, ch. 27, § 1.) In this case it does not appear that there was an undertaking given to stay the execution of the judgment, nor does it appear that any order was made in this court to stay proceedings in the court below. In the absence of an undertaking, and of an order to stay proceedings, the district court had authority not only to revive the judgment, but to take any steps necessary in the execution of the same.

3. No stay of execution; power of district court.

The other objection urged by the plaintiff in error is more serious, and we think it must be held to be fatal to the judgment. The petition originally filed by R. S. Andrews has never been changed or amended since his death. It contains no allegations showing any interest in L. A. Andrews and B. F. Hudson, the parties who were substituted as plaintiffs, and from the petition it does not appear that they had any right to sue, or any connection whatever with the subject-matter of the action. They claim to have been appointed administrators of the estate of the deceased, and to have prosecuted the action as such; but whether they sued in an individual or a representative capacity, cannot be learned from the petition. If they sued as administrators, it is necessary that the petition should allege that they are entitled to sue in that capacity; but failing in this, they show no right to maintain the action. The case of the *City of Atchison v. Twine*, 9 Kas. 350, is directly in point here. There a widow brought an action to recover damages for the killing of her husband. After the issues were made up, the administrator of the estate of her deceased husband was substituted as plain-

4. Revivor; amended petition; practice.

tiff in her stead. The petition was not amended, and it contained no averment showing the appointment of an administrator, and that he had any connection with the suit in the pleadings. Objection was made to the introduction of evidence, as was done here, and the court held that the objection should have been sustained; that the question whether Twine was administrator, or not, was an issuable fact which should have been alleged in the petition; and further added: "But there is a fact that the change of parties by substituting one who could only succeed by reason of his being administrator, a fact which the defendant had the right to controvert, is not alleged in the petition, and this must, we think, be held to be a fatal error." The authorities generally accord with the position taken and the views expressed in the foregoing case. In his work on Practice, Mr. Wait states that—

"Under the code it is not necessary or proper for the plaintiff who sues as executor or administrator to make profert of letters testamentary or of administration, as was requisite under the former practice. But it is necessary that the plaintiff should allege, in a direct and issuable form, that he is an executor or administrator. This should be done by alleging that the plaintiff is executor or administrator by virtue of certain letters testamentary or of administration, regularly issued by a surrogate of some county of this state, at the same time giving the name of the surrogate, or of his county, and the time and place at which letters were granted." (2 Wait's Practice, 374.)

In *Judah v. Fredrichs*, 57 Cal. 389, the plaintiff brought an action to recover a certain tract of land belonging to the estate of a deceased person, and the court, in passing upon the pleading, said:

"We have already shown that the plaintiff was obliged to sue in her representative capacity; and to make out her right to bring the action, or to entitle her to recover in the action, she was required to allege in her complaint that she was the personal representative of the estate of John Ferguson, deceased. There was no sufficient averment of that fact in the complaint, and no right of action was shown in the plaintiff." (See also *Barfield v. Price*, 40 Cal. 535.)

The same question was presented and determined in the case of *Beach v. King*, 19 Wend. 197, where Mr. Justice Bronson, speaking for the court, said:

"The defendant cannot be administrator unless letters of administration of the goods, chattels and credits of the intestate have been granted to him by one of the surrogates of this state. The proper mode of pleading the fact is by a direct allegation that such letters were granted. The defendant has not pursued that course, but pleads that he was duly appointed administrator; this allegation consists partly of matter of fact and partly of matter of law, and it is not capable of trial. That the defendant was appointed administrator by somebody or in some form, is a question of fact; but whether he was duly appointed or not, is a question of law. The defendant should have said *how* he was appointed, and then the court could determine its sufficiency upon demurrer; or if an issue to the contrary were joined upon the fact of having obtained letters, the question could be tried by the jury."

In *White v. Joy*, 13 N. Y. 83, the plaintiff brought suit upon a promissory note as the receiver of a corporation, and in passing upon the right of the plaintiff to maintain the action, the court said:

"In such a case, it will not answer merely to describe himself as receiver, or even under the former system to aver that he was duly appointed. He must set out the proceeding so that the court may see that the appointment was legal. In such a case, the appointment of the receiver is a part of the plaintiff's title. It is like the granting of administration or of letters testamentary in a suit by executors or administrators. Unless the fact is stated, the plaintiff does not show any right to sue." (See also *Gillet v. Fairchild*, 4 Denio, 80; *Sheldon's Adm'rs v. Hoy*, 11 How. Pr. 14; *Forrest v. Mayor &c. of New York*, 13 Abb. Pr. 350.)

Under the rule established by these authorities no testimony was admissible under the petition, and the objection of the railroad company should have been sustained unless the petition was amended. In such a case, an amendment would be allowed upon application, as a matter of course. Attention was called to the necessity of such amendment when the order of revivor was entered, and specially called to it at the open-

ing of the final trial by the objection of the defendant to the introduction of any testimony under the petition,'and again by the defendant's demurrer to the evidence when the plaintiffs had concluded their testimony; but no application to amend, nor amendment, was made.

There are some other questions presented, but they may not arise again; besides, the law of the case has been quite fully declared in the former opinions that have been given in the case.

For the error mentioned, the judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.