D. N. Heizer v. Elizabeth Pawsey.

| 47 | 33 |
| 59 | 499 |
| 47 | 33 |
| 64 | 532 |
| 47 | 33 |
| 67 | 193 |

Arrest—Action on Bond—Appeal—Supersedeas. The institution of proceedings in error in the supreme court, and the giving of a supersedeas bond, under §§ 551 and 552 of the code, will not prevent the plaintiff below from maintaining an action upon a bond given to secure the discharge of the defendant from arrest in the original case. A supersedeas bond only stays the execution of a judgment or final order sought to be reversed. (C. B. U. P. Rld. Co. v. Andrews, 34 Kas. 563, followed.)

*Error from Barton District Court.*

THE opinion contains a sufficient statement of the nature of the action, and the material facts.

*Elrick C. Cole,* for plaintiff in error.
*James W. Clarke,* for defendant in error.

Opinion by GREEN, C.: This was an action upon a bond executed by the plaintiff in error, in an action commenced by the defendant in error against H. M. Fordham, in which an order of arrest had been procured. The bond sued on had been given in the district court of Barton county, to obtain the discharge of Fordham from arrest. The original suit of Elizabeth Pawsey against H. M. Fordham was prosecuted to judgment October 15, 1886, and the order of arrest was sustained by the district court. On the 24th day of January, 1887, H. M. Fordham filed in this court a petition in error and case-made, with a bond for costs, wherein he sought to have reviewed certain alleged errors in the case of Elizabeth Pawsey against H. M. Fordham, and filed a *supersedeas* bond on the 7th of March following, in the office of the clerk of the district court, to stay the issuance of an execution on the judgment rendered until that case could be determined in this court. This action was commenced after the filing and approval of the *supersedeas* bond, and was, therefore, pending in the district court of Barton county at the same time the original case was for hearing in this court.

It is contended by the plaintiff in error, that the approval of the undertaking, under §§ 551 and 552 of the code, stayed all proceedings until the cause should be finally determined in this court. The condition of the bond sued on was, that "the said H. M. Fordham should in his own proper person appear, if judgment should be rendered against him, and render himself amenable to the process of the court thereon." It was established that an execution was issued upon the judgment against the body of Fordham, and placed in the

hands of the sheriff, who returned the same on the 5th day. of March, 1887, indorsed: "Not found." This was done before the approval of the *supersedeas* bond. This action was commenced on the 7th day of May, 1887, but was not tried in the district court until the judgment in the original case of Pawsey against Fordham had been affirmed by this court.

It is insisted by the defendant in error that the pendency of the original suit in this court, without any stay bond having been filed until after the return of the execution, did not preclude the commencement of this action; that the return of the execution, as made by the sheriff, fixed the liability of the plaintiff in error under §§ 165 and 167 of the code; and that an action might be brought at any time after the liability had been fixed. This court has decided that the institution of a proceeding in error in the supreme court does not, of itself, operate to suspend further proceedings in the case in the court below; nor will the giving of the undertaking provided for in §§ 551 and 552 of the code suspend proceedings in the district court further than to stay execution of the judgment or final order sought to be reviewed. (*C. B. U. P. Rld. Co. v. Andrews,* 34 Kas. 563.) In the opinion the law is stated: "In none of the provisions of the code, however, is the undertaking made to stay any of the proceedings beyond the issuance of an execution to enforce the judgment or final order of the court below." That case settles the only question involved in this case in favor of the defendant in error. Proceedings against the bail could have been stayed under § 172 of the code, or ¶ 1930 of the General Statutes of 1889, upon proper application to this court.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.