JOHN W. HANLEN *as Administrator* v. J. P. BADEN.

No. 197.

1. REVIVOR IN APPELLATE COURT—*what service for, is sufficient.* A notice for an order of revivor in an action in the Court of Appeals may be served upon the adverse party or his attorney of record by delivering a copy of the notice to either of them personally, or by leaving such copy at the usual place of residence of either of them, or by securing an acknowledgment of service from either of them; or such party or his attorney may waive, in writing, the issuing or service of the notice. Ten days is all the notice required to be given of an application for an order of revivor in the Court of Appeals.

636 HANLEN v. BADEN.

S. Dept.      Opinion.   Dennison, P. J.     6 Kan. App.

2. ——— *authority of person in whose name revivor is asked determined on hearing application for.* There is no necessity of, or provision for, an amended petition to show the authority of the parties brought into this court by revivor. The way to raise this question in this court is upon the hearing of the application for the order of revivor, or upon a motion to dismiss.

3. ADMINISTRATOR OR EXECUTOR—*proper person to sue for damages accruing to land of deceased in his lifetime.* The administrator or executor of a deceased person is the proper party to maintain an action for damages which accrue to the real estate of the deceased during his lifetime.

4. EVIDENCE CONFLICTING—*improper for court to direct verdict.* Where the evidence of the plaintiff tends to show his right to recover and is sufficient to sustain a judgment except for the conflicting evidence of the defendant, it is error for the court to direct the jury to return a verdict for the defendant.

Error from Cowley District Court. Hon. M. G. Troup, Judge. Opinion filed July 21, 1897. *Reversed.*

*John C. Pollock,* for plaintiff in error.

*Madden & Buckman* and *McDermott & Johnson,* for defendant in error.

DENNISON, P. J. A motion has been filed in this court by the defendant in error to dismiss this action for the following reasons: *First,* that the Supreme Court had no jurisdiction to make an order of revivor in this case, for the want of a sufficient notice; *second,* no amendment has been made to the petition in error; *third,* because of the failure of the heirs-at-law to revive this action within one year after the death of John Ireton.

The notice of the motion for an order of revivor was served upon Madden & Buckman, and they acknowledged service of the notice on March 19, 1894. The time fixed in the notice for a hearing was April 3, 1894, and the Supreme Court

1. Revivor in Appellate Court.

made the order of revivor.   This motion to dismiss was filed in the Supreme Court, and the hearing of the motion was continued until the case was submitted upon its merits.

The contention of the defendant in error is, that the notice was not legally served because served upon the attorneys for defendant in error, and did not give twenty days' notice of the time when the motion would be heard. Paragraph 4525 of the General Statutes of 1889 provides that, if revivor is not made by consent, "notice of the application for such order shall be served in the same manner and returned within the same time as a summons, upon the party adverse to the one making the motion." It will not be necessary to consider the manner of serving, or the time of returning, a summons in either justice's or district court, when the revivor is made in the Court of Appeals.

In this court "a summons shall issue and be served, or publication made, as in the commencement of an action    A service on the attorney of record in the original case shall be sufficient . . . and shall be made returnable on or before the first day of the term of the court, if issued in vacation, and ten days before the commencement of the term. If issued in term time, or within ten days of the first day of the term, it shall be returnable on a day therein named. If the last publication or service of the summons shall be made ten days before the end of the term, the case shall stand for hearing at that term." ¶ 4644, Gen. Stat. 1889.

"The defendant in error or his attorney may waive, in writing, the issuing or service of the summons." ¶ 4645 id.

A notice for an order of revivor in an action in the

638          HANLEN v. BADEN.

S. Dept.          Opinion. Dennison, P. J.          6 Kan. App.

Court of Appeals may be served upon the adverse party or his attorney of record by delivering a copy of the notice to either of them personally, or by leaving such copy at the usual place of residence of either of them, or by securing an acknowledgment of service from either of them; or such party or his attorney may waive, in writing, the issuing or service of the notice. Ten days is all the notice required to be given of an application for an order of revivor in the Court of Appeals.

It is also contended that the petition in error should be amended so as to allege the representative capacity of the administrator. The cases of *City v. Twine* (9 Kan. 350), and *Railroad Co. v. Andrews* (34 Kan. 563), are cited, which hold that in the trial court the fact of whether the person in whose name the action is revived is the personal representative of the deceased, must be tendered in an amended petition as an issue, and sustained by proof. No issues are tried in this court, and there is no necessity of, nor provision for, an amended petition to show the authority of the parties brought into this court by revivor. The way to raise this question in this court is upon the hearing of the application for the order of revivor, or upon a motion to dismiss.

2. Authority of person to be substituted, how questioned.

The question is also raised as to whether the administrator or the heirs at law are the proper parties to prosecute this case in this court. Ireton claimed to be the owner of certain real estate, and that the defendant had damaged it by raising his dam higher than he had the right to do, thereby causing water to overflow portions of said real estate. The action was brought for the permanent damages to the land, and it is probable that under the Mill-dam Act such an action must have

3. Administrator or executor proper party.

been brought within two years after the erection of the addition to the dam which caused the damage, or not at all.   Upon the death of John Ireton, his real estate would descend to' his heirs, and his choses in action and claims for damages or trespass would go to his administrator or executor.   If the damage accrued in his lifetime, the administrator or executor must have maintained the action to recover, but if after his death, his heirs must have maintained the action.   The motion to dismiss will be overruled.

This brings us to a consideration of the case upon its merits.   The plaintiff introduced evidence tending

4. Evidence conflicting.

to show title in himself, that the defendant had raised the dam, and the amount of his damages, and rested.   The defendant introduced evidence tending to show that the land belonged to Henry S. Ireton, the son of plaintiff, and also tending to prove that he had not raised the dam.

The evidence introduced to show that the son was the owner consisted of a deed which had been filed for record by John Ireton and wife some seventeen years prior to that time, and also the petition in a prior action brought by Henry S. Ireton against Charles A. Bliss for damages to the same land, and a cost bond in the same case, signed by Henry S. Ireton as principal, and John Ireton, who signed by his mark, as surety.

Henry S. Ireton testified that he had no interest in the land and claimed none ; that he had paid no consideration for it, and that his father had been in possession of it for about nineteen years.

During the progress of the trial and over the objection of the plaintiff, the court directed the jury to return a verdict in favor of the defendant because the plaintiff had failed to show that he was the owner of

the land for which he claimed damages. The plaintiff's evidence tended to show that he was the owner of the land, and such evidence was sufficient, in the absence of the evidence of the defendant, to sustain a judgment for the damages claimed. The defendant's evidence tended to show that plaintiff was not the owner of the land. This conflicting evidence should have been submitted to the jury, and the court erred in assuming to decide these controverted questions for it. This question is ably argued in *Sullivan v. Insurance Co.*, 34 Kan. 177, 178.

The judgment of the District Court is reversed, and the case remanded for a new trial.