Nos. 26,200, 26,369.

EMMA FISCHER CHRIST, *Appellee*, v. MARY FISCHER et al., *Appellees;* ROY L. BONE, as State Bank Commissioner, Intervener, *Appellant.*

#### SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Dismissal—Lack of Controversy.* An appeal may be dismissed where all matters between the parties interested in the subject matter of the litigation have been adjusted to the satisfaction of those parties and there is nothing left except to determine certain principles of law which, when established, can have no effect on the rights of those beneficially interested.

Appeals from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 9, 1925. Appeals dismissed.

*Frank Doster,* and *J. E. Addington,* both of Topeka, for the appellant; *C. B. Griffith,* attorney-general, and *J. G. Egan,* assistant attorney-general, of counsel.

*C. W. Trickett,* of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action, an instrument in writing admitted to probate as the last will and testament of Anthony Fischer was set aside and held for naught. One of the defendants, the Banking Trust Company, had been appointed by the probate court administrator with the will annexed and held all of the assets of the estate of Anthony Fischer.

In April, 1921, the bank commissioner of Kansas found the Banking Trust Company in an insolvent condition, and upon the written request of creditors holding and owning a majority of the claims against the company, appointed H. W. Bedell as receiver. Later, and again upon the request of the creditors, J. P. Angle was appointed receiver in place of H. W. Bedell.

In November, 1922, notice was given to the Banking Trust Company and J. P. Angle, its receiver, that an application for the appointment of a receiver would be heard in the district court on

November 18, 1922. An intervening petition was filed by the bank commissioner asking that the application be disallowed and dismissed. An answer and pleading was also filed by J. P. Angle, receiver. At the close of the hearing, the court announced "there was no showing at that time of a necessity for a court receiver, and that he would take it under advisement and if it became necessary or advisable he would act in the premises." The bank commissioner's office was advised of the action.

In the spring of 1923, J. P. Angle suffered a stroke of paralysis and fearing he would be unable to resume his duties, sent a resignation to the bank commissioner. The creditors owning more than eighty per cent of the claims requested that, if Angle's resignation were accepted, a certain person be appointed receiver. Mr. Angle improved in health and agreed verbally with the bank commissioner to withdraw his resignation, continued as receiver for a year and a half, and wound up the affairs of the company to the extent that everything was turned into cash and ready for distribution. Thereupon, J. P. Angle, as receiver, filed a suit and brought before the district court all of the creditors to determine in one action whether or not any claimant was entitled to priority. This suit was set for trial on December 5, 1924.

On the morning of December 5, 1924, Mr. Angle received a letter from the bank commissioner stating that his "resignation" was accepted as of date, December 1, 1924, and that another receiver had been appointed in his place.

On December 5, 1924, during the trial of the priority case, counsel called attention to the fact that the court had under advisement in this action the question of the appointment of a court receiver, urged that the application be granted, and were joined by attorneys representing about ninety per cent of all claims against the company. The letter from the bank commissioner to J. P. Angle was introduced in evidence. After listening to the testimony of witnesses and considering the evidence presented, the court appointed J. P. Angle as receiver and enjoined all persons from interfering with him as such receiver.

On December 13, 1924, the court overruled the motion of the bank commissioner for a new trial of the order of December 5 appointing J. P. Angle receiver and the motion of the bank commissioner for an order discharging J. P. Angle as receiver. The bank commissioner

appealed from the orders of the court made on December 5 and December 13, which appeal became case No. 26,200 in this court.

On March 28, 1925, the court overruled the motion of the bank commissioner for a stay of order discharging J. P. Angle as receiver and the motion for an order requiring J. P. Angle, receiver, and C. W. Trickett, his attorney, to place moneys received by them as receiver's salary and as attorney's fees in a depository to await the decision of the supreme court in determining the jurisdiction of the district court to appoint J. P. Angle as receiver of the Banking Trust Company. From those orders, the bank commissioner appeals, which appeal is known as No. 26,369 in this court.

In their brief, the appellees state that—

"The district court upon appointing a court receiver and taking charge of the fund immediately ordered a forty per cent dividend which was paid, and thereafter ordered a final dividend which was paid. All of the funds have been distributed to the rightful owners. The entire matter was wound up so satisfactorily that every creditor was satisfied and no criticism or complaint has been registered. Upon paying the final dividend to the creditors, Mr. Angle as a precautionary measure took a receipt for the money, and in addition thereto the creditors assigned to Mr. Angle his entire claim against the Banking Trust Company."

The correctness of this statement is not challenged by the bank commissioner.

The bank commissioner contends that, after he had taken charge of the affairs of the trust company, the court was without jurisdiction to appoint a receiver unless it were shown that the funds of the trust company were being squandered by the appointee of the bank commissioner. Those who procured the appointment of the receiver by the court contend that the bank commissioner was proceeding illegally and in violation of law in his attempt to remove J. P. Angle as receiver and appoint another person to that position.

The affairs of the estate have been closed, and no one beneficially interested therein is complaining of what has been done. No creditor of the Banking Trust Company will be benefited by a continuation of this litigation. All that can be accomplished by such a continuation is to declare the rules governing the appointment of receivers by courts where the bank commissioner has appointed a receiver of a financial institution that is under his supervision. So far as beneficial interests in the estate of the trust company is concerned, everything is now moot; there is nothing left but the con-

Cault v. Soldiers' Compensation Board.

troversy between the bank commissioner and those who desired the court to appoint a receiver. Under such circumstances, this litigation should stop.

For that reason, these appeals are dismissed.

HARVEY, J. (dissenting). The question of the authority of the court to appoint a receiver, in the circumstances disclosed by the record, is important to the bank commissioner in the administration of his office, and in my judgment it should be decided.