No. 39,206

FERD OWEN and BERTIE OWEN, *Appellees*, v. JOHN H. STARK, MARY FLO STARK, J. EVERETT STARK and M. HAROLD STARK, *Appellants*.

(267 P. 2d 948)

Opinion filed March 6, 1954.

*Guy Lamer*, of Iola, and *Alex Hotchkiss*, of Lyndon, argued the cause and were on the briefs for appellants.

*Karl V. Shawver, Jr.* of Paola, argued the cause, and *Karl V. Shawver*, of Paola, and *Kenneth E. Midgley*, of Kansas City, Mo., were with him on the briefs for appellees.

The opinion of the court was delivered by

HARVEY, C. J.: There are two appeals in this case docketed here under the same number. The first is from an order of the court May 13, 1953, overruling defendants' demurrer to plaintiffs' petition. The second is from the final judgment in the case of June 30, 1953. ·

The facts disclosed by the record may be stated as follows:

Under date of December 1, 1950, the appellees, hereinafter called the seller, were then the owners of a tract of about 2,100 acres of land in Miami county, entered into a written agreement with the appellants, hereinafter called the buyer, by which they agreed to sell the land which was described in detail and the buyer agreed to purchase the same for $125,000 to be paid $5,000 cash and $5,000

on March 1, 1951, at which time the buyer was to have possession, and to pay $10,000 by January 1, 1952, and $10,000 on the first of January of each succeeding year, together with interest at four per-cent per annum, until $50,000 had been paid at which time the seller would execute and deliver to the buyer a warranty deed and the buyer would give the seller his note for $75,000 bearing interest at the rate of four percent and secure the same by a first mortgage on the property. The seller to furnish abstracts or title insurance policy, subject to mineral lease of record in which the seller re-tained one-half interest, and the buyer to pay all the taxes and spe-cial assessments thereafter becoming due and payable against said land and all improvements after January 1, 1951, including the 1951 taxes. There was a provision to the effect that if the taxes were not paid when due or if the land was sold for taxes the seller might pay or redeem the same and the buyer would repay the seller the amount thereof, plus interest at eight percent. Also the buyer, at his own expense, should keep the improvements erected, or to be erected on the property, insured in some responsible insurance com-pany authorized to do business in Kansas in the amount of $25,000 for the benefit of the seller, or its assigns, and in default thereof the seller may, at his option, effect such insurance in his own name and the premium or premiums, cost, charges and expense thereof will be an additional lien upon the land which, with interest at eight percent, may be enforced and collected in the same manner as a principal debt. The contract contained further paragraphs:

"It is expressly understood and agreed that Time Is the Essence of This Contract and that if the buyer shall fail to pay any installment, interest, taxes, lien or other payment for a period of sixty (60) days after said payment shall become due and payable, then the amount theretofore paid by the buyer shall, at the option of the seller, be forfeited to the seller as liquidated damages for breach of this contract, and on such default, it will be lawful and proper for the seller, or its assigns, without notice, to take possession of said premises, and it is further agreed that upon such default the buyer shall then become a tenant of the seller as a tenant from month to month and agrees to pay One thousand and no/100 ($1000.00) Dollars per month as rent for such premises, said rent becoming due and payable monthly in advance.

"It is mutually agreed that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, suc-cessors and assigns of the respective parties."

This contract was duly executed and acknowledged and filed for record in the office of the register of deeds in Miami county.

The petition in this case filed March 17, 1953, was in two causes

of action. The first cause of action recited the terms of the contract and attached a complete copy thereof, and alleged that plaintiffs had fully performed their part of the contract and that defendants, and each of them, failed to comply with the contract in that they failed to pay the taxes due on the described real property on December 20, 1951, until January 10, 1953, and failed to pay the installment of $10,000, plus interest, due under the contract on January 1, 1952, and further failed to keep the buildings erected on the property insured as required by the contract. It was further alleged that because of the afore-mentioned breaches of the contract the plaintiffs elected to and did declare the amounts paid by the buyer to be forfeited to plaintiffs as liquidated damages for the breach thereof and on January 10, 1953, a written notice was served on two of the defendants, on January 16, 1953, upon the other two defendants, of plaintiffs' election and the forfeiture thereunder, and that by the terms of the contract the defendants became tenants of plaintiffs on February 20, 1952, and were liable for rent at the rate of $1,000 per month to plaintiffs in advance and defendants were further notified, by written notice, to immediately surrender possession of the property and demand was made for the recovery of $750.00 insurance with eight percent interest thereon from the date of the contract, for the $10,000 payment due January 1, 1952, with four percent interest, and for rent due under the contract. A copy of this notice of forfeiture and demand was attached to the petition as Exhibit B. There were also allegations respecting conditional agreements of extension of time for certain payments and it was alleged that these extension agreements were void for lack of consideration and for the further reasons that the defendants had failed to comply with the conditions made in such extension ,agreements. It was also alleged that plaintiffs had paid for the insurance which defendants had agreed to pay in the sum of $750.

The prayer was for judgment of decree forfeiting to plaintiffs the sums alleged herein to have been paid by defendants to plaintiffs as liquidated damages, and for a further decree declaring defendants to be tenants of the plaintiffs from February 20, 1952, at the monthly rental of $1,000 per month and terminating the contract as of that date and barring defendants from any and all further claims, right, title, or interest in or to the real estate in question, and further decreeing that plaintiffs are entitled to possession of the above described premises, and for such other and further judgment as to the court seems mete and proper.

In the second cause of action plaintiffs made the allegations of the first cause of action a part thereof and prayed judgment for certain items plaintiffs alleged to be due.

To this petition defendants filed a demurrer upon the grounds that several causes of action were improperly joined and that the petition as to each of the causes of action did not state facts sufficient to constitute a cause of action in favor of plaintiffs and against defendants.

On May 5, 1953, this demurrer came on for hearing and after arguments and briefs were filed and on May 13, 1953, after having considered the arguments and briefs of counsel, the court overruled the demurrer on all points. From this ruling the defendants perfected their appeal to this court on June 2, 1953.

On June 10, 1953, plaintiffs filed in the district court a motion for judgment which reads:

"Plaintiffs respectfully move the court for judgment on the pleadings, and in support thereof show to the court that defendants were given fifteen (15) days to answer on May the 19th, 1953, and to this date no answer or other pleading has been filed in this court. That notice of appeal from the ruling of this court on the demurrer has been served on counsel for plaintiffs."

This was noticed for hearing on June 16. On that date counsel for defendants filed a motion for continuance upon the ground that an appeal had been taken to the supreme court from the court's decision of May 13, which appeal was pending undetermined. The request was for a continuance of the hearing of the cause on its merits and any other proceedings therein, until the appeal is determined and disposed of in the supreme court. Both motions were presented to the court on that date and taken under advisement. On June 19, the court sent counsel a memorandum which we summarize or quote from: ". . . the supreme court has full authority to grant stays or continuances upon such terms as would to that court seem right and proper. . . . that the district court would have similar authority. . . ." But if the district court ruled on the matter perhaps the ruling would be appealed and for that reason perhaps the matter should be presented directly to the supreme court. In the course of the memorandum the court used this language:

"The pleadings in the principal case, that is Owen vs. Stark, No. 15,294, disclose a large operating ranch upon which a sizeable agricultural enterprise is being operated which ranch is being purchased under contract. Plaintiffs allege violation of the contract on account of failure to make payments. The

contract attached to the plaintiffs' petition provides in event of failure to make payments that the purchaser becomes a tenant and agrees to pay $1,000 per month during the time he remains in possession of the real estate. It has been a long time since any payment has been made under the contract and very large property rights are evidently in the plaintiff. As the matter now stands, during the months necessary to perfect and hear an appeal, the owner of the ranch has no protection against accumulating losses or damages. . . .

"It seems to me that the plaintiff is entitled to protection during this appeal. I therefore write this letter to the attorneys in the case indicating that on my next motion day in Paola, June 30th, I will overrule the motions for judgment on the pleadings and sustain the motions for continuance upon condition that the defendants provide a statutory bond adequate to protect the plaintiff during the period of appeal. I have not determined upon the amount of this stay bond but it should be sufficient to cover the contracted $1,000 per month rent provided for in the contract during a reasonable time for the perfecting and hearing of the appeal. If the stay be not given the motions will be sustained.

"This 10 days' intervening time will give attorneys ample time to present the matter to the Supreme Court if they desire to do so."

On June 30, counsel for all parties were present and after extensive argument the court found that the time granted heretofore for defendants to plead herein had expired and the defendants were in default; that the proceedings should not be stayed by reason of the appeal except on condition that adequate security in the nature of a supersedeas bond substantially as provided by G. S. 1949, 60-3322, be given by defendants to protect plaintiffs against damages and loss which will result from defendants' continued possession of the property if plaintiffs prevail; that such a security should be in the amount of $10,000. Counsel for defendants, in open court, advised the court that it would be impossible for them to provide such security. Thereupon, defendants filed a motion for leave to plead and with it filed separate answers to the first and second causes of action. This motion was taken up and after argument of counsel and being fully advised in the premises the court held:

"(a) That leave to file such answer with respect to the first cause of action in plaintiffs' petition should be and the same is denied for the reasons (1) that said proposed answer does not state facts sufficient to constitute a defense to the first cause of action in plaintiffs' petition, and (2) that in view of all the circumstances, defendants are in default;

"(b) That leave to file such answer with respect to the second cause of action in plaintiffs' petition should be and is granted.

"Thereupon, plaintiffs requested in open court leave to dismiss without prejudice the second count of its petition and thereupon said second count of plaintiffs' petition was dismissed.

"Thereupon, plaintiffs' motions for judgment on the pleadings and by default came on duly for further arguments. Counsel for all parties were fully heard

and the record herein was fully considered and the court being fully advised in the premises finds that said motions for judgment on the pleadings and by default should be sustained; that defendants have defaulted with respect to the first cause of action in plaintiffs' petition; that defendants have breached the contract, a copy of which is attached to said petition as Exhibit A, in the particulars set out in said petition; that plaintiffs are entitled to decree herein:

"(1) That the sums indicated to have been paid by defendants to plaintiffs with respect to such contract should be retained by plaintiffs as liquidated damages for defendants' breaches of said contract;

"(2) That such contract should be adjudged and decreed to be terminated;

"(3) That plaintiffs should be decreed to be entitled to possession of said real estate;

"(4) That plaintiffs should have and recover their costs herein.

"WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"(1) That the sums paid to plaintiffs by defendants with respect to the contract herein referred to ($10,000 plus $4,600 interest and taxes) be and the same are hereby forfeited to plaintiffs by defendants as liquidated damages for defendants' breach of said contract.

"(2) That the contract dated December 1, 1950, copy of which is attached to said petition as Exhibit 'A', filed for record in the office of the Register of Deeds of Miami County, Kansas, on the 2nd day of December, 1950, under which plaintiffs agreed to sell and convey and defendants agreed to buy the lands hereinafter described on the terms and conditions therein specified has been breached by defendants and is hereby terminated and held for naught.

"(3) That plaintiffs be and they are hereby adjudged and decreed to be entitled to possession of the real estate described in said contract being the following described real property in Miami County, Kansas, to-wit: (property described), in Miami County, Kansas, containing 2100 acres more or less, being all of the land owned by Ferd and Bertie Owen in Miami County, Kansas.

"(4) That the second cause of action in said petition has been dismissed by plaintiffs and stands dismissed.

"(5) That the plaintiffs have and recover of the defendants their costs herein and that execution issue therefor."

No motion for new trial was filed by the defendants but on August 6, 1953, they served and filed a notice of appeal from the judgment of the court of June 30, and from all adverse rulings, decisions, orders, findings, conclusions and judgment of the court.

We turn now to the arguments on behalf of appellants:

1. Vendor may not exercise forfeiture after waiver of defaults without notifying vendee of intention to forfeit and allowing reasonable time for performance.

Answering the statement it must be noted that this action was not one to forfeit the contract. The real purpose of the action was to enforce the contract. The only forfeiture prayed for was that payments made be forfeited to plaintiffs as liquidated damages. Counsel refer to the three written agreements between the parties

respecting time of payments past due or soon to become due. As previously noted each of these contain conditions to be performed by defendants before the extension of time of payment becomes effective and each of them contained a provision that even if the conditions were complied with that the compliance with the conditions, "shall not alter or change the terms of the above referred to contract for deed." The conditions named in these agreements were not complied with. We regard the fact that they were mentioned in the petition and copies attached do no more than to set out more fully the status of the parties. We have examined all of the cases cited by counsel for plaintiffs under this head. The facts in each of the cited cases differ so materially from the facts here that the holdings in them are not applicable.

2. If default enforced, appellants were tenants, which tenancy relationship was not terminated.

Counsel cite our statute G. S. 1949, 67-506, "In cases of tenants occupying and cultivating farms, the notice must fix the termination of the tenancy to take place on the first day of March. . . ." There is nothing in the pleadings to show that the land here involved was farm land. There is a statement of the court in giving its reasons why surety should be given if any continuance was granted which indicates that perhaps some of the real property was farm land. In fact, the question when the tenancy terminated is not before the court. Under certain situations named in the contract the purchasers became tenants apparently from month to month. There is no annual tenancy in which the defendants were holding over with the consent of the landlord. The trial court did not fix a date for the termination of the tenancy. The court simply held that under the conditions presented the plaintiffs were entitled to possession.

3. An action for rescission of a contract cannot be joined with another action seeking affirmative relief under such contract; and

4. An action may not be joined with another action not yet accrued.

Both of these questions go to the ground of misjoinder of causes of action named in defendants' demurrer. In view of the fact that the second cause of action has been dismissed the question of whether it was properly joined with the first cause of action is no longer important.

5. Trial court abused its discretion in denying appellants' motion for continuance.

In view of the fact that defendants filed no motion for a new trial this and subsequent questions raised about the trial go purely to questions of law. Under this it is argued in effect that when an appeal is taken from an order overruling a demurrer the action of the trial court is stayed pending the disposal of the appeal. This view is erroneous. No statute provides for that. Frequently that is done but in quite a few instances it is not. We think the trial court in the first instance should determine whether it should be stayed, and if so, on what conditions. Here, in view of the large amount involved, the length of time (nearly three years) since any money had been paid on the contract, and the fact that more time would pass before a decision in the supreme court could be reached, we think the court was justified in denying a continuance unless defendants would put up a bond in the nature of a supersedeas bond to insure the plaintiffs would get something out of this property during the long delay necessitated by the appeal. The justice of this view is supported by the fact that defendants in the motion for continuance and in the answers they filed with their motion made no suggestion that the defendants could or would pay anything more under this contract. The prayer in each of the answers was that the plaintiffs take nothing.

While not shown in the abstract or brief perhaps it should be said that the supreme court, upon motion and after hearing, did require a bond of $5,000 which the appellants gave on August 28, 1953, to stay execution in the court below pending this appeal.

6. Trial court abused its discretion in denying appellants' leave to answer.

The argument on this point is substantially the same as under question five. The trial court examined the answer and found it stated no defense to the first cause of action and, "that in view of all the circumstances, defendants are in default." There is no specific contention here that the trial court erred in construing the answer sought to be filed to the first cause of action.

7. The trial court erred in entering judgment on the pleadings and judgment by default.

Under this head counsel advised that their arguments on this point are the same as those discussed under questions one and two which we have previously treated.

Counsel for appellees have restated the questions involved and have argued those as well as the questions involved as stated by

appellants. We find it unnecessary to set out this argument fully in view of the fact of our conclusions with respect to the questions involved as stated by appellants.

We find no error in the record. Judgment of the trial court is affirmed.