No. 43,353

TERRANCE CARR d/b/a CARR AIR CONDITIONING, *Appellee*, v. GRACE DIAMOND, *Defendant*, and R. H. MACY & CO., INC., "INNES," a corporation (Additional Party Defendant), *Appellant*.

(388 P. 2d 591)

Opinion filed January 25, 1964.

*Harold A. Zelinkoff*, of Wichita, appeared on the briefs for the appellant.

*Robert W. Kaplan* and *Calvin L. McMillan*, both of Wichita, appeared on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is a continuation of the controversy involved in *Carr v. Diamond*, 192 Kan. 336, 388 P. 2d 589. Defendant, R. H. Macy & Co., Inc., "Innes," appeals from a judgment dismissing the action with prejudice while its appeal from a judgment overruling its demurrer to the petition and other procedural matters were pending.

The plaintiff appealed to the district court from a judgment of the court of common pleas of Sedgwick County, Kansas. After perfecting his appeal, plaintiff filed a motion to have R. H. Macy & Co., Inc., "Innes" made an additional party defendant. The motion was allowed and service of summons was duly made. Macy appeared specially and moved to quash the summons for the reason that the court had no jurisdiction of it as an added defendant. The motion was overruled.

Following other procedural steps, which are not material to the disposition of the controversy, plaintiff filed an amended bill of particulars. Macy filed a demurrer which was overruled.

The defendant, Macy, appealed, specifying as error the over-ruling of the demurrer, the order making Macy an additional party defendant, and the refusal to quash the service of summons. The appeal was taken on December 15, 1961.

Additional facts material to the determination of the controversy may be found in the motion for approval of the journal entry of dismissal and the journal entry. The former reads:

"COMES NOW, the plaintiff, Terrance Carr, doing business as Carr Air Conditioning, and moves this Court for an order approving the Journal Entry of Dismissal heretofore filed herein and in support of his application respectfully submits:

"That this plaintiff has accepted from defendant Grace Diamond partial payment of the amount prayed in plaintiff's Bill of Particulars (Petition herein), said partial payment being made by defendant Diamond and accepted by plaintiff in full settlement and compromise of all his claims against all defendants herein. That said plaintiff desired to and did therefore dismiss his action herein with prejudice with costs assessed to this plaintiff.

"That the Journal Entry of Dismissal filed herein was not approved by counsel for defendant, R. H. Macy and Co., Inc., "Innes," which said defendant has appealed from certain preliminary orders rendered herein and plaintiff desires said action be dismissed with prejudice to said defendant.

"WHEREFORE, plaintiff prays for an order approving the dismissal with prejudice of plaintiff's action herein."

The journal entry concludes:

"IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Journal Entry of Dismissal with prejudice, signed by the Honorable B. Mack Bryant, be approved as of this 28th day of August, 1962, a regular day in the April, 1962, term of Court.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant's R. H. Macy & Co., Inc., "Innes," appeal pending in the Supreme Court of Kansas, since the 15th day of December, 1961, and the rights thereunder cannot be cut off by the plaintiff by dismissing this case with prejudice in the District Court."

The defendant, Macy, has appealed from the judgment dismissing the action.

Among other contentions, the defendant, Macy, specifies as error on the part of the trial court the approval of the journal entry of dismissal with prejudice after an appeal had been perfected on December 15, 1961, and the abstract of record filed, and in assuming jurisdiction of the case after an appeal to this court had been perfected. The appellant states:

"The appellant, Macy, asserts most emphatically, that the District Court does not have the jurisdiction or authority to dismiss said cause of action, under

the circumstances stated in the question proposed, which are the facts of this case, and in support thereof respectfully calls the court's attention to the following authority:

"5 C. J. S., page 395: 'After the jurisdiction of the appellate court over an appeal *has attached* the trial court is without power to dismiss an appeal allowed by it, and therefore the motion should be addressed to the appellate court. It has been stated that when notice of appeal has been given, the appellate court obtains jurisdiction *over the cause* and the *cause is transferred* to that court; in such a case a motion to dismiss may be heard *only in the appellate court* and such a motion filed in the *lower court is a nullity.*' (Emphasis supplied.)"

The appellant misapplies a valid statement of the law. The statement deals with the dismissal of the appeal, not the dismissal of the case in the lower court. In some jurisdictions, under certain circumstances, the trial court has a voice in whether or not an appeal will be allowed. The statement announces the rule that once the appeal is allowed and perfected under such circumstances, a motion to dismiss the appeal may be heard only in the appellate court. Such a situation is not present in this appeal.

The appellant calls our attention to the case of *Pugsley v. Railway Co.,* 69 Kan. 599, 600, 77 Pac. 579, in which this court stated:

"If it could be said that the demurrer had been passed upon and sustained before the plaintiff made his application to dismiss, it would be clear, under the former decisions of this court, that the plaintiff could not, as matter of right, dismiss without prejudice. . . ."

In the above case the appeal was from an order refusing to dismiss without prejudice after a demurrer to the evidence had been taken under consideration. A much different situation would have existed had the plaintiff moved to dismiss with prejudice and thus ended the controversy.

An appeal to this court does not of itself operate as a stay of further proceedings in the trial court. The filing of a supersedeas bond under the provisions of G. S. 1949, 60-3323, will stay the execution of a final judgment but it does not stay other proceedings in the trial court. The trial court may proceed to set aside or correct its judgment or grant a new trial. (*Barstow v. Elmore,* 177 Kan. 30, 276 P. 2d 360.)

In *Heizer v. Pawsey,* 47 Kan. 33, 27 Pac. 125, it was stated:

". . . This court has decided that the institution of a proceeding in error in the supreme court does not, of itself, operate to suspend further proceedings in the case in the court below; nor will the giving of the undertaking provided for in §§ 551 and 552 [now G. S. 1949, 60-3322 and 60-3323] of

the code suspend proceedings in the district court further than to stay execution of the judgment or final order sought to be reviewed. (*C. B. U. P. Rld. Co. v. Andrews,* 34 Kas. 563.) In the opinion the law is stated: 'In none of the provisions of the code, however, is the undertaking made to stay any of the proceedings beyond the issuance of an execution to enforce the judgment or final order of the court below.' . . ." (p. 35.)

This court disposed of the question raised by the present appeal in *Owen v. Stark,* 175 Kan. 800, 267 P. 2d 948, where it was held in paragraphs 2 and 3 of the syllabus as follows:

"When defendant's demurrer to a petition is overruled and he appeals such appeal of itself does not stop or delay further proceedings in the trial court.

"In the situation outlined in paragraph 2 above the trial court in the exercise of its judicial discretion may stay further proceedings in the trial court pending the appeal on such terms as the court deems proper, and it may for good cause refuse the stay and permit the case to proceed as though the appeal had not been taken."

We cannot find, and appellant has not suggested, any possibility of it being prejudiced by the order of dismissal. The order of dismissal with prejudice freed the appellant of any possible liability to the appellee now and for all time as to the issue in controversy. The only possible thing that could be accomplished would be to furnish counsel with a forum from which to debate what may be an interesting question. Appellate courts do not entertain appeals for such purpose. Reviewing courts do not decide questions which no longer exist merely to make a precedent.

It was held in *Christ v. Fischer,* 118 Kan. 586, 235 Pac. 841:

"An appeal may be dismissed where all matters between the parties interested in the subject matter of the litigation have been adjusted to the satisfaction of those parties and there is nothing left except to determine certain principles of law which, when established, can have no effect on the rights of those beneficially interested."

The judgment of the trial court dismissing the action with prejudice as to all defendants disposed of the entire controversy. The appeal brought nothing to this court but moot issues. (*Carr v. Diamond,* 192 Kan. 336, 388 P. 2d 589.

The appeal is dismissed.

APPROVED BY THE COURT.

JACKSON, J., not participating.