42,947

TERRANCE CARR d/b/a CARR AIR CONDITIONING, *Appellee,* v. GRACE DIAMOND, *Defendant,* and R. H. MACY & Co., INC., "INNES," A Corporation (Additional Party Defendant), *Appellant.*

(388 P. 2d 589)

Opinion filed January 25, 1964.

*Harold A. Zelinkoff,* of Wichita, appeared on the briefs for the appellant.

*Robert W. Kaplan* and *Calvin L. McMillan,* both of Wichita, appeared on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order of the district court permitting an additional party to be made defendant after an appeal from the court of common pleas, Sedgwick County, Kansas, and the overruling of a motion to quash and a demurrer.

The facts will be briefly stated. The plaintiff brought an action against the defendant, Grace Diamond, in the court of common pleas of Sedgwick County, Kansas, to recover for labor and material furnished in connection with the repair of an air conditioner. The prayer was for the recovery of $197.72. Plaintiff obtained judgment in the sum of $7.23, the amount admitted to be due by defendant.

The plaintiff appealed to the district court. After perfecting his appeal, plaintiff filed a motion to have R. H. Macy & Co., Inc., "Innes" made an additional party defendant. The motion was allowed and service of summons was duly made. Macy appeared specially and moved to quash the summons for the reason that the court had no jurisdiction of it as an added defendant. The motion was overruled.

Following other procedural steps, which are not material to the disposition of the controversy, plaintiff filed an amended bill of particulars. Macy filed a demurrer which was overruled.

The defendant, Macy, has appealed, specifying as error the over-

ruling of the demurrer, the order making Macy an additional party defendant, and the refusal to quash the service of summons. The appeal was taken on December 15, 1961.

It has now been shown to this court that plaintiff, appellee, accepted payment from the defendant, Grace Diamond, in full settlement and satisfaction of his claims against all of the defendants. On motion of plaintiff a journal entry of dismissal was entered by the district court which reads:

"IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Journal Entry of Dismissal with prejudice, signed by the Honorable B. Mack Bryant, be approved as of this 28th day of August, 1962, a regular day in the April, 1962, term of Court.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant's, R. H. Macy & Co., Inc., "Innes," appeal pending in the Supreme Court of Kansas, since the 15th day of December, 1961, and the rights thereunder cannot be cut off by the plaintiff by dismissing this case with prejudice in the District Court."

Appellee has filed a motion to dismiss the appeal for the reason that appellant, one of the defendants below, has requested no affirmative relief and that the dismissal of the action with prejudice as to all of the defendants renders the appeal moot.

The appellant suggests that he has an absolute right to appeal from an order overruling a demurrer and the question is of such importance that it should be determined.

There is no additional relief that this court can grant the appellant on appeal. The appellant sought only to escape from the possibility of having a judgment rendered against it in the court below. The dismissal of the action with prejudice as to all of the defendants has accomplished that purpose.

The theory on which appellant claims the right to be heard on appeal is not applicable in this case. Had the action been dismissed without prejudice a much different situation would exist. A plaintiff cannot by the dismissal of an action without prejudice render moot an appeal from an order overruling a demurrer, as the defendant may again be confronted with the same legal question. (*Kotwitz v. Gridley Motor Co.*, 148 Kan. 676, 84 P. 2d 903.) Neither will an appeal be dismissed as moot because of changed circumstances if by leaving a judgment unreversed vital rights of the parties might be affected in the controversy. (*Moore v. Smith,* 160 Kan. 167, 160 P. 2d 675; *State, ex rel., v. Engler,* 181 Kan. 1040, 317 P. 2d 432.)

However, a much different situation exists where an action has been dismissed by the plaintiff with prejudice pending appeal and the defendant seeks no affirmative relief. There are then no rights left on behalf of either party which could be affected and the appeal is moot.

In *Williams v. City of Wichita,* 184 Kan. 53, 334 P. 2d 353, it was stated:

". . . This court, under decisions so numerous that their citation is neither necessary nor required, has long been committed to the rule that it will not consider and decide questions raised on appeal when the record makes it clearly appear that any judgment it might render with respect thereto would be unavailing or ineffective. Another rule of like import, and equally well-established, is that when a question becomes moot, judicial action ceases." (p. 56.)

The appeal is dismissed.

The request of the appellee that the cost of the appeal be charged to the appellant is denied as the costs accrued before the dismissal of the case in the lower court.

APPROVED BY THE COURT.

JACKSON, J., not participating.