No. 83,571

CITY OF COFFEYVILLE, KANSAS, *Appellee*, v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 1523, *Appellant*, and PUBLIC EMPLOYEE RELATIONS BOARD OF THE STATE OF KANSAS, *Respondent*.

(11 P.3d 1164)

Opinion filed October 27, 2000.

*Elizabeth Lea Henry*, of Fletcher & Mathewson, P.A., of Wichita, argued the cause and was on the brief for appellant International Brotherhood of Electrical Workers, Local No. 1523.

*David E. Strecker*, of Strecker & Associates, P.C., of Tulsa, Oklahoma, argued the cause, and *James E. Erwin*, of the same firm, and *Paul M. Kritz*, city attorney, of Coffeyville, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal from the district court's review of an administrative decision made by the Public Employee Relations Board of the State of Kansas (PERB). The case was decided on briefs and supporting documents submitted by the parties. We hold that the issue is moot and dismiss the appeal.

Appellee City of Coffeyville, Kansas, (City) had contracts with a number of unions. It was renegotiating the contracts and had successfully renegotiated most of the contracts.

Highly summarized, the City had fired an employee who was on the bargaining team for the International Brotherhood of Electrical Workers, Local No. 1523 (Union). That employee was going through the appeal process. The next time the bargaining team

met, the discharged employee appeared and the City refused to bargain with that person at the table. Both sides filed unfair labor charges that the other party had refused to bargain in good faith. The basic problem was that the City would not bargain with the discharged employee sitting at the table and the Union would not bargain without that member of its bargaining team being present. PERB found in favor of the Union and the district court reversed, holding that the discharged employee's presence would have created ill will and made good faith bargaining impossible. This appeal followed.

In the meantime (October 1998), the City and the Union representatives (without the discharged employee) reached an agreement and entered into a contract. The parties specifically requested at oral argument that they did not want that agreement set aside and the contract renegotiated. The parties asked that we issue an opinion, even though they seemed to readily admit at oral argument that the issue is moot. They argue that it should fall within an exception, and this court should render an opinion for their future guidance.

In *Carr v. Diamond*, 192 Kan. 377, 388 P.2d 591 (1964), Commissioner Hatcher, writing for the court, wrote:

"The only possible thing that could be accomplished would be to furnish counsel with a forum from which to debate what may be an interesting question. Appellate courts do not entertain appeals for such purpose. Reviewing courts do not decide questions which no longer exist merely to make a precedent.

"It was held in *Christ v. Fischer*, 118 Kan 586, 235 Pac. 841:

'An appeal may be dismissed where all matters between the parties interested in the subject matter of the litigation have been adjusted to the satisfaction of those parties and there is nothing left except to determine certain principles of law which, when established, can have no effect on the rights of those beneficially interested.' " 192 Kan. at 380.

In *Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman*, 267 Kan. 245, 978 P.2d 922 (1999), we said:

"It is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matters in issue before the court. *Shanks v. Nelson*, 258 Kan. 688, Syl. ¶ 2, 907 P.2d 882 (1995)." 267 Kan. at 262.

There are a few exceptions where the court will decide a case that is moot, but this case does not fall within any of those exceptions.

The appeal is dismissed as moot.