Baxter v. Clark.

---

No. 25,792.
No. 25,814.

ARLENA BAXTER, *Appellee,* v. T. W. CLARK, *Appellant.*

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*New Trial Pending Appeal.* The proceedings considered, and *held,* the district court did not err in granting a new trial, or in retrying the case while an appeal from the order granting a new trial was pending, or in the judgment rendered pursuant to the new trial.

Appeals from Crawford district court, division No. 1; DANIEL H. WOOLEY, judge. Opinion filed April 11, 1925. Affirmed.

*E. V. Bruce,* and *Thomas W. Clark,* both of Pittsburg, for the appellant.
*Arthur Fuller,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeals in these cases bring up for review action of the district court in granting a new trial and in proceeding with the new trial while an appeal from the order granting it was pending.

Baxter, as landlord, sued Clark, as tenant, for six months' rent at $40 per month and for possession of the leased premises. There was evidence that the rent had been increased from $30 to $35, and then to $40 per month, and that Clark was in arrears for six months at the $40 rate. Clark counterclaimed, and prayed judgment for $296.07. His testimony was that the rent was $30 per month only, and that he had made repairs, which he had charged to Baxter. His authority to make repairs and charge them to Baxter was denied. The jury returned a verdict for Clark, and assessed the amount of his recovery at one dollar. Baxter filed a motion for new trial on the ground the verdict was not sustained by the evidence, and Clark filed a motion for judgment for $296.07 on the conflicting evidence, notwithstanding the verdict. It was not possible to reconcile the verdict with the evidence. Clark's motion amounted to nothing except to express dissatisfaction with the verdict, and the court was obliged to grant a new trial. Clark appealed. There is no shadow of merit in the appeal, and the judgment in case No. 25,792 is affirmed.

After the appeal was taken the district court assigned the case for trial. Clark applied to this court for an order directing the district court to suspend proceedings until the appeal could be heard. The application was denied, because it appeared the district court had granted a new trial pursuant to a motion for new trial which challenged the jury's treatment of the evidence. When the case came on for hearing in the district court, Clark appeared specially and moved the court to suspend proceedings, on the ground the case was pending in this court. The motion was denied, and Clark stood on his special appearance and motion. Baxter waived a jury, proved her case, and judgment was rendered in her favor. Clark appealed.

The case was commenced before a justice of the peace and judgment was rendered for Baxter. When Clark appealed to the district court he gave an appeal bond, but when he appealed from the first judgment of the district court he gave no supersedeas bond. He says he had a judgment in his favor, but he is mistaken. The verdict in his favor was vacated by the order granting a new trial, and his appeal to this court did not stay further proceedings in the district court. His application to this court for a stay of proceedings was denied because the appeal was patently fruitless. The sole ground of his motion in the district court for suspension of proceedings there was that he had appealed. He made no showing that he would

be prejudiced by immediate trial, and it was manifest that if Baxter's action were well founded, she would be prejudiced by delay. Therefore the district court was well within the limits of its discretion in denying the motion.

Clark appeals from the judgment entered at the conclusion of the second trial. He filed no motion for a new trial, and is unable to point out any vice in the judgment itself. Therefore the judgment in case No. 25,814 is affirmed.