No. 26,817.

In re ARTHUR J. BAXTER, *Petitioner.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Time of Trial—Discharge of Accused for Delay—Waiver of Right.* The constitutional provision that an accused shall have a speedy public trial which is enforceable under a statute that if he is not brought to trial before the end of the third term after the information is filed, he shall be entitled to a discharge unless the delay was had on his application or occasioned by lack of time to try the case at the third term, is a right which the accused may waive.

2. SAME—*Continuance by Agreement as Waiver.* Where an accused agrees with the prosecution that the trial shall be continued beyond the statutory period and upon that agreement the case is continued, he effectually waives the right to a discharge.

3. SAME—*Effect of Continuance by Agreement.* Where the case is continued upon the consent and agreement of all the parties, the delay of the trial must be regarded as having been occasioned on the application of the defendant as well as of the state.

Original proceeding in habeas corpus. Opinion filed October 9, 1926. Writ denied.

*C. S. Ritter,* of Iola, and *E. S. Ellis,* of Kansas City, Mo., for the petitioner.

*Leo W. Mills,* of Yates Center, and *Frank R. Forrest,* of Iola, for the respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a habeas corpus proceeding in which Arthur J. Baxter, who was charged in seventeen counts with violations of the bank act, asks to be discharged from further prosecution upon the ground that more than three terms of court have passed since the filing of the information without bringing him to trial.

It appears that the information was filed on July 14, 1923, and that the next term of court began on November 13, 1923, and ended March 10, 1924. During that term and on December 6, 1923, the petitioner applied for a continuance stating that he had not had sufficient time to fully examine the letters, books and papers of the bank in order to prepare his defense, and the application was granted and the case continued to the next term of court, which began March 11, 1924. On the trial docket there is an entry as of the first

Criminal Law, 16 C. J. pp. 444 n. 71, 448 n. 50; 56 L. R. A. 526; 8 R. C. L. 74.

*In re* Baxter.

day of the next term that by consent the case was passed for the present. At the March, 1925, term, is an entry "by consent passed to next term, on the same bond as heretofore, being a continuing bond." At the June term, 1925, the petitioner applied for a continuance. The case had been assigned for trial at that term and the state was insisting upon a trial, but the court, for reasons given, set aside the assignment, but ordered that all preliminary pleas and motions should be presented at the close of the jury trials of that term. Later in the term, on a motion to quash the information, the court gave the state permission to amend it in some particulars and then the court sustained the plaintiff's application for a continuance to the next term. In some of the entries passing the case from term to term, it is not stated that the continuances were granted upon the application or with the consent of the petitioner, but the court in deciding the application of the petitioner for a continuance at the June, 1925, term, referred to the continuance of the case previously had and stated that all of them were consented to by the defendant in open court. It appears from the evidence that a prosecution had been begun in the federal court against the petitioner and others on charges of the violation of the federal laws in matters pertaining to the bank transactions, and that letters and documents and records material to the defense of the petitioner had been turned over to the federal officers for presentation to the federal court. It appears that when the case was called in the state court in November, 1923, an arrangement or agreement was made between the state and the petitioner that in view of the prosecution in the federal court and as the records and documents pertaining to the transactions in the bank had been surrendered to the United States attorney, the state case should be passed along from term to term to await the trial of the case in the federal court. The petitioner insists that there was no such an agreement, but we find in his application to procure a continuance of the case in June, 1925, his statement that—

"An understanding and agreement between the parties to the action, the trial or other proceeding therein has been postponed from term to term since November, 1923, to await the action of a case pending in the U. S. district court for the district of Kansas, wherein he and others were defendants,"

and that relying on that agreement he had not made preparation for the trial. In support of the application for a continuance, counsel for petitioner stated that such a plan had been agreed upon

and had been followed up to that time, and by reason of the understanding he had not made necessary preparation; and further, that the letters, documents and records relating to the transactions involved were in the hands of the United States attorney, and were not then available to him to make a defense, and that he had not been given notice that the state had abandoned the plan mentioned and would insist on a trial at that time. In its decision granting a continuance in the June, 1925, term the judge recites:

"It has been the understanding of this court that it was not desired to try this case until after the federal case had been disposed of for the reason that the entire transaction could be more thoroughly tried in the federal court and more complete justice meted out to all who should be guilty than could be hoped for in this court. This court has consented to such plan because it was deemed the wise thing to do. Nothing has occurred to alter this plan or the wisdom of such plan other than applications for continuance by defendants in the federal court. The delay occasioned by these things has evidently irritated the persons prosecuting this case. It may be that there was sufficient provocation to cause this irritation. No notice has been served upon the defendant or his attorney of the change in the inclination of the prosecution in this case which had heretofore existed, to defer this action until after the trial of the federal court case. In all fairness, the court believes this should have been done. There have been no particular reasons for the continuances in this case, although all of them were consented to by the defendant in open court, other than the desire to try all defendants in the federal court before this case should be called for trial."

Shortly after obtaining the continuance in 1925 the petitioner filed a motion in the district court asking for a discharge because more than three terms had intervened between the filing of the information and the application for a discharge, but that motion was overruled. He then brought this proceeding. In that county there were three regular terms of court each year, and that more than three terms had elapsed without a trial since the filing of the information is beyond question, but in view of the circumstances related is he entitled to a discharge? The constitution requires that those accused of crime shall have a speedy public trial, and for the enforcement of this provision the legislature has provided in effect that if the accused is not brought to trial before the end of the third term after the information is filed, he shall be entitled to a discharge unless the delay was had on his application or occasioned by lack of time to try the case at the third term. (R. S. 62-1432.) From the facts stated, including the admissions of the petitioner and the statements of the trial court in its rulings, it is clear that he is not

*In re* Baxter.

entitled to a discharge because of the delay in a trial. The delay was caused by the acts of the petitioner. The provisions for a speedy trial are made for the benefit of the accused and to protect him against the procrastination or oppression of prosecutors; but important as the right is, it is one which the accused may waive. He is not entitled to a discharge for a delay occasioned by his own act, application or agreement. When he joined in stipulating for delay and brought this agreement to the attention of the court he effectually waived the right to a discharge on the ground that the case had not been tried within the time covered by the agreement. While he did not make formal application for some of the continuances his agreement on which continuances were granted is the equivalent of an application by each of the parties to the agreement. By his act and stipulation he as effectually prevented a trial as if he had purposely absented himself from the trial after being admitted to bail. In *Healy v. The People,* 177 Ill. 306, a discharge was asked by a prisoner on account of the delay in bringing on a trial. The statute under which the application was made provided, as ours does, that the defendant is not entitled to a discharge if "the delay shall happen on the application of the prisoner." The case had been continued by the consent of all the parties without a formal motion by the defendant for a continuance. It was held:

"Delay occasioned by the continuance of a criminal case by the consent of all parties, when called for trial within four months of the day of commitment, must be deemed as happening on the application of the prisoner within the meaning of the statute." (See, also, *People, ex rel., v. Matson,* 129 Ill. 591.)

Here, as we have seen, the petitioner joined in an agreement to postpone the trial, and by that means the case was continued from term to term for about two years. At the 1925 term he insisted that the agreement should be observed by the prosecution and enforced by the court. It was observed and enforced, and the final continuance in 1925 was based on the existence and continued obligations of that agreement. The discharge asked is denied and the petitioner remanded.