No. 40,434

THE STATE OF KANSAS, *Appellant,* v. O. W. HESS, *Appellee.*

(304 P. 2d 574)

Opinion filed December 8, 1956.

*Victor Hergenreter,* County Attorney, and *A. E. Carroll,* Assistant County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, was with them on the briefs for the appellant.

*David Prager,* of Topeka, argued the cause, and *E. W. Stuewe,* of Alma, *Charles Heizer,* of Osage City, *Jacob A. Dickinson, William W. Dimmitt, Jr., Sam A. Crow, Edward Rooney* (deceased), all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is the second appearance in this court of an appeal by the state in the case of *State v. O. W. Hess,* the present appeal being from an order and judgment of the district court of Osage County sustaining a motion to discharge the defendant.

The case was first here on an appeal by the state from an order of the trial court granting the defendant a new trial after he had been found guilty of the crimes of grand larceny and embezzlement as charged in counts 1 and 2, respectively, of an information; also involved was an attempt by defendant to appeal after his motion for a new trial had been sustained, from an order overruling his motion for discharge, based on the ground the state's evidence was insufficient to warrant submission of his guilt on either count of the information to the jury.

Our decision in the first appeal, wherein we affirmed the trial court's action in granting a new trial and held the appeal from the order overruling the motion for discharge was not subject to appellate review, is reported as *State v. Hess,* 178 Kan. 452, 289 P. 2d 759. The opinion in that case, dated November 12, 1955, contains an accurate recital of all the facts, events and circumstances neces-

sary for a complete understanding of all matters involved in this criminal prosecution from the date of its inception up to and including the date on which the mandate of our decision in the first appeal was ordered spread of record in the court below. Therefore, in order to avoid encumbering our reports with repetitious matters, we make the opinion of that decision a part of this opinion and turn directly to facts and issues herein involved.

After the cause was called for trial at the opening of the March, 1956, term of the district court of Osage County defendant filed the motion heretofore mentioned, based in substance on the ground that, since he had not been brought to trial before the end of the third term after the case stood ready for trial, he had been denied the speedy trial guaranteed him by Section 10 of the Bill of Rights and G. S. 1949, 62-1432, and was therefore entitled to be discharged from custody. When this motion came on for hearing the court heard arguments by the parties and permitted submission of written briefs. It then took the matter under advisement and ultimately rendered its decision wherein it sustained the motion and discharged the defendant. Thereupon the state reserved the question of the correctness of such decision. Later it perfected an appeal which entitles it to appellate review of that question.

The trial court's decision with respect to the question now before us, on which it based its order and judgment, is reflected in a well written memorandum decision which sets forth the decisive facts, outlines the issue, and states the reasons for the judgment rendered in such manner and form it can well be incorporated in and made a part of the opinion of an appellate court. For these reasons, and others to be presently disclosed, we are disposed to quote such decision *in toto*. It reads:

"The above case is now before this Court on defendant's motion to be discharged on the ground that he has been denied that speedy trial which is guaranteed by Section 10 of our Bill of Rights and G. S. 1949, Section 62-1432. It is clear from the statements of both parties that the period in issue is that which elapsed during the pendency of this case in the Supreme Court. The early history of the case need not be mentioned further than to say that defendant was first tried in the November, 1953, term. The jury disagreed in this trial and defendant was retried at the March, 1954, term and was convicted. At all times since the beginning of this case until the present date the defendant has been at large on bond.

"Within due time after the verdict, defendant filed his motion for a new trial. Because of the time needed to procure a transcript and to prepare extensive briefs, by consent of both parties said motion was not finally submitted

to the Court until October, 1954, and on November 9, 1954, said defendant was granted a new trial. Thereafter on November 19th, the State, having reserved the question, perfected its appeal, and on November 27th, the defendant filed his notice of 'appeal and cross-appeal'. Thereafter no action was taken in this Court until the mandate was ordered spread on February 3, 1956, said mandate having been received by the Clerk of this Court on December 7, 1955. At the opening of the March, 1956, term of this court, defendant announced his intention to file his present motion, which motion was actually filed on March 14, 1956.

"Since said appeal was taken, and up to the filing of defendant's motion, he has not been re-tried; and it cannot be questioned that during said period more than three terms of this Court have elapsed, that is to say, the remainder of the November, 1954, term (which did not expire until March 7, 1955), and all of the March, June and November, 1955, terms. The principal question presented by defendant's motion is whether the pendency of said appeal excused the delay in retrying the defendant. This question must be determined without reference to the guilt or innocence of the defendant.

"Section 10 of the Bill of Rights in the Kansas Constitution expressly declares that 'In all prosecutions the accused shall . . . have . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.' This is not the grant of a mere privilege; it is the grant to an accused person of a right, of which he cannot be deprived by the laches of public officers. (*In re Trull,* 133 Kan. 165; *State v. Brockelman,* 173 Kan. 469.) Its provisions are a directive to prosecuting officers to act, and not to delay, the prosecution of persons charged with criminal offenses. (*In re Trull,* 133 Kan. 165, 169.) The whole responsibility of seeing to it that the accused is given a speedy trial therefore rests upon the prosecution and not on the accused. (*In re Trull,* 133 Kan. 165, 168.) Nevertheless, the right so granted to the defendant is one which he may waive. (*In re Baxter,* 121 Kan. 636, 639.) But what is necessary to constitute that speedy trial which the Bill of Rights guarantees? And what conduct of the defendant will amount to a waiver of that right?

"We have an answer to these questions in G. S. 62-1431 and 62-1432, which is valid, at least in the particular circumstances therein stated. The former section applies to a defendant who remains in prison and provides that he must be brought to trial before the end of the second term. It has no direct application to this case, but some of the decisions relating to it will be found helpful. In *State v. Stanley,* 179 Kan. 613, it is said that the language, meaning and purpose of these two sections are so similar that there can be no room for differentiating between them in statutory construction.

"The section on which the present motion is based is Section 62-1432, which provides that if any person under information for any offense and held to answer on bail shall not be brought to trial before the end of the third term of the court in which the cause is pending, which shall be held after the information is filed, he shall be entitled to be discharged so far as relates to such offense, unless the delay happen on his application or be occasioned by want of time to try such cause at said third term.

"These statutes supplement the Bill of Rights and render it effective (*In re Trull,* 133 Kan. 165, 167) by prescribing a definite and uniform rule for the

government of courts. (*In re McMicken,* 39 Kan. 406, 408.) They constitute a legislative definition of what is, under the circumstances named, a reasonable and proper delay in bringing the accused to trial. (*In re Trull,* 133 Kan. 165, 167.) Their purpose is to carry into effect the constitutional guaranty of a speedy trial. (*State v. Campbell,* 73 Kan. 688, 695.)

"It is not every delay in trial which is to be considered in determining whether the statute applies to a particular case. The statute does not operate in favor of a fugitive from justice. (*State v. Aspinwall,* 173 Kan. 699; *State v. Neal,* 175 Kan. 597.) It is not claimed that the defendant was ever a fugitive from justice and the matter would need no attention except for the contention in the State's brief that defendant did not appear at any term of this Court while the appeal was pending. Such is not the recollection of this Court or its officers. Mere failure to appear at a particular term would not make the defendant a fugitive from justice, but only an absentee, and as pointed out in *State v. Morgan,* 84 Kan. 625, the State could always have compelled the attendance for trial of an absent defendant by the issuance of a bench warrant. No such effort was made in this case, nor did the State at any time complain that defendant was not present.

"Another period which is not to be counted in determining whether the statute applies is delay which is necessarily and directly caused by action on the part of a defendant. (*State v. Stanley,* 179 Kan. 613; *State v. Barger,* 148 Kan. 590.) This is founded on the express language of Section 62-1432, which excepts such delay as happens on the defendant's application. By 'application' as used in these statutes is meant some means in the nature of affirmative action resorted to by the accused, which, of itself, prevents a speedy trial. (*State v. Dewey,* 73 Kan. 739, 741; *Nicolay v. Kill,* 161 Kan. 667, 671.)

"To be such an application, it need not be in the form of a specific request by the defendant for a postponement; it is sufficient if any affirmative act by him necessarily and directly produces that result. (*State v. Lewis,* 85 Kan. 586, 589.) Thus defendant's consent to a continuance is a delay occasioned on his own application. (*State v. O'Connor,* 6 Kan. App. 770, 774; *In re Baxter,* 121 Kan. 636, 639.)

"The state draws attention to its statement when the appeal was taken to the effect that there would be no further trial of the case until the appeal was disposed of. It argues that defendant by recognizing the delay, in effect acquiesced in or consented to it so that the time during which the appeal was pending is not to be counted. This is not correct. An accused need not insist upon, nor even ask for a speedy trial, nor need he protest against or object to the delay. Failure to object to continuance is not equivalent either to an application for such continuance or to a consent to the State's request for a continuance. (*Nicolay v. Kill,* 161 Kan. 667, 671; *State v. Dewey,* 73 Kan. 739, 741.) All that a defendant needs to do to retain the protection of the constitutional guaranty is to refrain from any affirmative act, application or agreement, the necessary and direct effect of which will be to delay the trial. Both the fact of an application, whatever its nature, by the defendant, and the effect of such application as the cause of delay, are essential before the defendant can invoke the protection of the Bill and Rights and the statute; but he is not entitled to a discharge for a delay occasioned by his own act, application or agreement. (*In re Baxter,* 121 Kan. 636, 639.)

"This brings us to the question whether the appeal by the State and the appeal and cross-appeal by the defendant operated to excuse the State from giving defendant a re-trial while such appeal was pending.

"Decisions on criminal cases on this subject being limited in number, reference to civil appeals will be helpful. Without exception it is held that an appeal under the civil code does not automatically stay further proceedings in the court below. The latest expression to this effect is *Barstow v. Elmore,* 177 Kan. 30, where it was held that the appeal did not deprive the trial court of jurisdiction to grant a new trial while the appeal was pending. Again, in *Owen v. Stark,* 175 Kan. 800, defendants appealed from an order overruling their demurrer to the petition. Notwithstanding such appeal, the district court proceeded to try the case and rendered judgment on the pleadings in favor of plaintiffs. Defendants again appealed, the two appeals being considered together. The defendants argued that their first appeal operated to stay further proceedings in the trial court. The opinion states (p. 808), 'This view is erroneous. No statute provides for that.' This holding is in accord with the earlier cases. (See *Saper v. Medbury,* 24 Kan. 128; *Ry. v. Andrews,* 34 Kan. 563; *Heizer v. Pawsey,* 47 Kan. 33; *Baxter v. Clark,* 118 Kan. 281; *Topeka v. Smelser,* 5 Kan. App. 95.) The law is thus settled that an appeal in a civil case does not, of itself, prevent the lower court from proceeding with the case. These cases are all the more persuasive when it is remembered that we have no constitutional or even statutory mandate for a speedy trial in civil cases.

"When the State appealed the present case, it did so under G. S. 1949, Section 62-1703 (3) which authorizes an appeal by the State in a criminal case upon a question reserved; and under Section 62-1725 which specifies the procedure for such appeal. The State did not ask for any stay order, and probably it could not have done so, for there is no statute which authorizes the prosecution to procure such order. The very statute governing such appeal (62-1725) expressly states that 'The appeal by the state in no case stays or affects the operation of the ruling or judgment appealed from.' In one form or another, this provision has been on our statute book since 1862.

"The State argues that the present case is governed by *State v. Campbell,* 73 Kan. 688, in which defendant was not allowed the benefit of the time which elapsed during the appeal. In that case the trial court sustained defendant's motion to quash the information, and the State appealed under what is now Section 62-1703 (1), which expressly authorizes the State to appeal from an order quashing the information. Some 13 months elapsed before the appeal was decided, the decision of the District Court being reversed. Defendant was then tried and convicted, and he appealed contending that three terms having passed without trial, he was entitled to be discharged. The Supreme Court held against the defendant saying that the appeal deprived the trial court of the power to proceed further until it was determined, the statute being, in effect, held in abeyance by the appeal.

"Why was the State not chargeable with delay in the Campbell case? And why did the Court apparently disregard the statutory provision that in no case should the State's appeal stay further proceedings in the trial court? The answer seems fairly obvious. The key to the Campbell case is found in that

statement in the opinion that the State was not guilty of any laches or delay. It was not so guilty because, under the particular circumstances, it could not proceed to give Campbell a trial for the simple reason that there was, for the time being, no lawful charge upon which it might try him. Before Campbell could be tried there.had to be a valid information on file, on which the defendant had been duly arraigned and to which he had entered a plea raising a justiciable issue. The whole point of the appeal was whether the information as filed charged a public offense. The lower court had quashed the information, and until the propriety of that ruling was determined, there could be no plea, and hence no trial. There was nothing the State could do to force Campbell to trial while the appeal was pending.

. "The decision in the Campbell case was correct under the particular circumstances of that case; indeed any different conclusion would suggest a means whereby the guilty might escape trial altogether. This seems to have been what was attempted in *State v. Barger*, 148 Kan. 590, where the defendant four times filed motions against the information and then sought to be discharged because the statutory period had passed without trial. The Supreme Court rejected this contention, saying that defendant's motions served the purpose of delaying trial until they were disposed of; and that thereby defendant effectively delayed the trial on his own application within the meaning of Section 62-1432. The Campbell case is good law in cases involving a like situation, but it must be applied with discrimination. It was not intended thereby to lay down a general rule to be universally applied to every appeal by the State. It governs only when it is impossible for the State to proceed to trial because of the questions involved in the appeal. Only in such cases is the State to be acquitted of the charge of laches and relieved of responsibility for delay.

"But in the present case, we have no question about the quashing of the information. When the State appealed there was on file a sufficient information upon which the defendant had joined issue by his plea of not guilty. This Court had ordered a new trial; there were terms of court at which such trial might have been had; the appeal did not, of itself, prevent a retrial; there was no stay order. What prevented the prosecution from proceeding to try the defendant again? There was no obstacle which prevented it; the only thing which may explain the delay is that such retrial would have been effort wasted if the State's appeal had been successful. But in the face of the peremptory commands of the Bill of Rights and Section 62-1432, considerations of expediency can have no weight. The alternative would have been to secure defendant's consent to the delay or to force him to apply for a stay order, but neither of these was done. The only conclusion that can be reached is that *State v. Campbell* is not decisive in this case.

·"A further point made by the State should be noticed. It contends that Section 62-1432, requires only that a defendant be given a trial within three terms after the filing of the information, and that it has no application to later proceedings in the case. This claim is untenable; if given effect it would reduce the constitutional guaranty of a speedy trial to a mere shadow, without force except in cases where the defendant was given no trial at all. As was well said in defendant's reply brief, there is as much injustice in restraining

a defendant indefinitely after a mistrial as there is in restraining him without any trial at all.

"The State, however, points to defendant's notice of 'appeal and cross-appeal' filed in this case and says that there was an affirmative act by defendant which constituted a waiver of delay pending determination of the appeal and which amounted to an application by him for postponement of further trial. It is argued that because of this step taken by defendant, he is not entitled to count in his favor the time which elapsed during the appeal, and that his motion to be discharged must therefore be overruled.

"Some question is raised as to the nature of the action taken by defendant, the State saying, 'The defendant did not cross-appeal. He appealed directly.' This may have merit for the criminal code speaks only of appeals and does not mention cross-appeals. Let us assume that the State's position is correct; nevertheless it must be remembered that two factors enter into the question of whether a defendant is chargeable with delay. First, there must be an affirmative act by him; and second, such affirmative act must produce the delay by obstructing speedy trial. Giving to defendant's act the strongest effect as an appeal, and not a cross-appeal, and as an affirmative act, we are still faced with the question whether it was the cause of the delay in this case.

"What defendant sought by his appeal was a review of the trial court's order overruling defendant's motion for a discharge on the ground of the insufficiency of the evidence in the former trial. A decision of that question would be of interest, but it would not necessarily be controlling on a further trial, since such a retrial would have to stand or fall on its own merits and not on the evidence introduced at some former hearing of the same case. The granting of a new trial placed defendant in the same position as if he had never been tried before. (G. S. 1949, Section 62-1602; *State v. McCord,* 8 Kan. 232; *State v. Hart,* 33 Kan. 218; *State v. Hess,* 178 Kan. 452.) What was there about defendant's appeal which prevented the State from proceeding with the retrial? The State suggests no reason and the Court can think of none. As a matter of fact, there was nothing whatever in defendant's appeal which prevented the State proceeding to retry the defendant. There was no stay order in the appellate proceedings; there was a sufficient information on file and defendant had joined issue thereon by his plea of not guilty; that issue was ready for trial and there were more than three terms of this Court while the appeal was pending at which it could have been tried; and no question raised by defendant's appeal constituted any obstacle to proceeding with the retrial.

"The Bill of Rights and Section 62-1432 put upon the prosecution the whole burden of seeing to it that every person charged with crime is speedily tried. The statutes relating to the discharge of such duty by the prosecution are imperative in nature and are to be construed liberally in favor of liberty. (*State v. Dewey,* 73 Kan. 739, 743.) To refuse to discharge a defendant who is not brought to trial within the statutory period without any fault upon his part or legal excuse for the delay, is held to be error. (*In re McMicken,* 39 Kan. 406, 408.) In view of the constitutional provision, the statutes and the decisions of this state, the duty of this Court seems plain. The prosecution in this case having, without fault on the part of defendant, failed to bring

him to trial within the statutory period, defendant's motion to be discharged must be sustained. He is therefore discharged."

From a careful and extended analysis of the foregoing decision we are convinced it (1) contains accurate factual conclusions supported by the record; (2) cites the law applicable to a decision of the question raised by appellee's motion to dismiss when viewed in the light of the existing facts; (3) assigns sound and controlling reasons for upholding the judgment; and (4) fully and completely answers all questions raised, and arguments advanced with respect thereto, by the parties on appellate review regarding the propriety of such judgment.

In view of the foregoing conclusions we know of no sound reason why our reports should be burdened with extended discussion and consideration of contentions which have already been correctly disposed of by the trial court through the medium of a comprehensive written opinion such as has been heretofore quoted. Therefore we adopt such decision and, based on what is stated and held therein hold that under the existing facts and circumstances the trial court's action in sustaining appellee's motion to dismiss and in discharging him from custody on the ground he had not been brought to trial within the period of time required by the provisions of G. S. 1949, 62-1432, must be upheld.

The judgment is affirmed.

FATZER, J., not participating.