No. 41,898

Paul Moore, *Appellant*, v. Tracy A. Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee*.

(356 P. 2d 809)

Opinion filed November 12, 1960.

*Paul Moore* was on the brief *pro se.*

*J. Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order of the district court of Leavenworth county denying an application for a writ of habeas corpus.

On December 20, 1957, the petitioner, Paul Moore, was duly arraigned in the district court of Butler county in case No. 5879, in which he was charged with the offense of issuing a worthless check. He was represented by counsel and entered a voluntary plea of guilty, and was sentenced to the state penitentiary for the term prescribed by law. Upon his application he was, on the same day, granted a bench parole and was allowed to go at large under bond.

On March 16, 1959, for good cause shown, his parole was revoked and petitioner found himself again before the court.

At the time petitioner entered his plea of guilty on December 20, 1957, in case No. 5879, there also were pending against him two similar informations in the same court, each of which charged an offense under the worthless-check act, and being cases Nos. 5821 and 5823. These two mentioned cases were still pending when petitioner's parole was revoked. On March 17, 1959, the day following the revocation of his parole, petitioner was duly arraigned in cases Nos. 5821 and 5823. He was represented by counsel and in each case entered a voluntary plea of guilty. He was sentenced to confinement in the state penitentiary in each case.

In his habeas corpus action petitioner makes three contentions.

He first contends that the judgment and sentence in case No. 5879 is void because of the fact the journal entry contains a recital that the sentence was imposed under G. S. 1949, 21-534 and 21-535, they being the penalty statutes for grand larceny and petty larceny, respectively, whereas he was charged with and pleaded guilty to the offense of giving a worthless check under G. S. 1949, 21-554, the penalty for which is prescribed by 21-555.

Entirely aside from the fact the journal entry in case No. 5879 specifically refers to the offense as being that of giving a worthless check, thus rendering the offense involved readily identifiable, it is obvious that the reference to 21-534 and 21-535, instead of 21-554 and 21-555, is merely a typographical error on the part of the one preparing the journal entry, and, as such, may be, and should be, corrected by an order *nunc pro tunc*. (*Converse v. Hand,* 185 Kan. 112, 115, 116, 340 P. 2d 874; *Tafarella v. Hand,* 185 Kan. 613, 617, 618, 347 P. 2d 356, cert. denied, 363 U. S. 807, 80 S. Ct. 1243, 4 L. ed. 2d 1150.) Petitioner's contention with respect to this point is entirely without merit and is not sustained.

Petitioner further contends that the prison officials have booked him as serving consecutive sentences, whereas they should be concurrent, and we are referred to G. S. 1959 Supp., 62-2251, which provides that a prisoner who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve such sentence concurrently with the term under which he was released unless otherwise ordered by the court in imposing sentence for the new offense.

The contention is not good. The mentioned statute is inapplicable. The offenses charged in cases Nos. 5821 and 5823 were not committed while petitioner was at large on parole in case No. 5879—for, as heretofore related, those charges were pending at the time he entered his plea of guilty in that case. Furthermore, under the provisions of G. S. 1949, 62-1512, the running of the sentences in question consecutively rather than concurrently is proper. In *Beck v. Fetters,* 137 Kan. 750, 22 P. 2d 479, it was held:

"The common-law rule that where a person is convicted of two or more offenses about the same time, and there is nothing in the sentences specifying whether the imprisonment is to run concurrently or consecutively, they will run concurrently, was abrogated by the statute, R. S. 62-1512, which provides that sentences upon second or subsequent convictions shall commence at the

termination of the term of imprisonment adjudged on prior convictions. The policy of the statute is controlling in Kansas." (syl. 1.)

and said:

"Under a statute where a person is convicted of several offenses, the court in sentencing the defendant on the second or subsequent conviction is expressly directed to impose the penalty of imprisonment to commence at the termination of the former imprisonment." (p. 752.)

In addition—and irrespective of the sentences imposed in cases Nos. 5821 and 5823—petitioner has not yet served the sentence in case No. 5879, and therefore is not entitled to his release.

And finally—petitioner contends that he is entitled to his release because he was not brought to trial in cases Nos. 5821 and 5823 until after three terms of court had elapsed following the filing of the informations in those cases, and reliance is had on section 10 of our Bill of Rights which guarantees to every accused a right to a speedy public trial, and on G. S. 1949, 62-1432, which provides that if an accused on bail is not brought to trial before the end of the third term after the information is filed he shall be entitled to a discharge unless the delay was had on his application or occasioned by lack of time to try the case at such third term.

It is conceded that in cases Nos. 5821 and 5823 more than three terms of court elapsed between the filing of the informations and the pleas of guilty.

Notwithstanding the constitutional guaranty of a speedy trial, implemented by legislation such as G. S. 1949, 62-1432, above, it is universally held that the right is a personal right which an accused may waive, and that he is not entitled to a discharge for delay occasioned by his own act, application or agreement. (*In re Baxter*, 121 Kan. 636, 249 Pac. 610; *State v. Hess*, 180 Kan. 472, 474, 304 P. 2d 474; 14 Am. Jur., Criminal Law, § 138, p. 863; 22 C. J. S., Criminal Law, § 477, p. 732; annotations at 129 A. L. R. 572, 574, and 57 A. L. R. 2d 302, 307.)

While it is true the record before us is silent with respect to any motions by petitioner for continuances or delay in the mentioned cases, or agreements by him to continuances, the record does show that following his plea of guilty in case No. 5879 (at which time the other two cases were pending) he sought, and was granted, a parole. Whether his whereabouts during the time he was on parole were known, is not shown. In any event, his parole was subsequently revoked and he then, being represented by counsel, and

without objection, entered his voluntary plea of guilty to the two charges which had been pending.

The state contends the voluntary pleas of guilty effectively waived any rights possessed by petitioner with respect to the matter of a speedy trial. We believe the contention is good.

In the case of *In re Mote*, 98 Kan. 804, 160 Pac. 223, although not factually in point, it was held:

"The constitutional guaranties in section 10 of the bill of rights, which insure to every person accused of crime a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, etc., are personal privileges which the accused may waive, and when they are freely waived by a person charged with crime, by a plea of guilty in a district court of general jurisdiction, it is too late thereafter to challenge the constitutionality of the statute conferring jurisdiction upon the court which imposed judgment upon him." (syl. 1.)

At page 343 of the annotation in 57 A. L. R. 2d, above, the rule, supported by a number of cases from other jurisdictions, is stated thusly:

"Defendant's plea of guilty made without raising the question of the denial of a speedy trial constitutes a valid and binding waiver of the right thereto."

The facts and questions before us are not to be confused with those in the recent case of *State v. Goetz*, 187 Kan. 117, 353 P. 2d 816, which dealt with the provisions of G. S. 1959 Supp., 62-2901, 2902 and 2903.

Even if there were merit to petitioner's contentions with respect to the running of the sentences in cases numbered 5821 and 5823, and with respect to his denial of a speedy trial—we repeat—he has not yet served the sentence in case No. 5879 and therefore is not entitled to his release.

The order denying his application for a writ of habeas corpus is therefore affirmed.