No. 44,549

Donald Witt, *Appellant*, v. State of Kansas, *Appellee*.

(416 P. 2d 717)

Opinion filed July 14, 1966.

*Henry L. Daniels*, of Hill City, argued the cause and was on the brief for the appellant.

*H. D. Oelschlaeger*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a proceeding instituted pursuant to K. S. A. 60-1507 in which the district court of Rooks County, Kansas, denied the petitioner's motion for discharge from the Kansas State Penitentiary. Appeal has been duly perfected.

The questions presented all pertain to whether the petitioner's

constitutional rights were violated in the criminal proceeding which resulted in his conviction and sentence.

Counsel was appointed by the district court to represent the petitioner in the 1507 proceeding, and he was granted an evidentiary hearing.

The facts giving rise to this proceeding may summarily be stated as follows: On the night of December 7, 1960, the petitioner was taken into custody at Atwood, Kansas, and immediately returned to Stockton, Kansas, by the sheriff of Rooks County and an agent of the Kansas Bureau of Investigation. The sheriff had a warrant for the petitioner's arrest issued on the 7th day of December, 1960, which he served upon the petitioner, but no return was ever made upon this warrant.

On the 27th day of December, 1960, an amended complaint was filed in the county court of Rooks County charging the petitioner with burglary in the second degree and robbery in the first degree. On the same day a warrant was issued on the amended complaint, served upon the petitioner and returned by the sheriff. In the meantime several statements were taken from the petitioner by law enforcement officers.

These were voluntary statements freely given by him, and there is no contention on the part of the petitioner that they were not given freely or voluntarily.

On the 27th day of December, 1960, after the sheriff served the second warrant upon the petitioner, he was brought before the county court for a preliminary hearing. At that time the county judge, who was a layman, explained to the petitioner his right to hire an attorney, and his right to a preliminary hearing. He was informed that a preliminary hearing was not a trial of the matter; that the court could not determine the petitioner's guilt or innocence at the preliminary hearing.

Thereafter the petitioner, who was not represented by counsel, waived his preliminary hearing.

On or about the 27th day of December, 1960, Stanley Krysl, an attorney at law of Stockton, Kansas, was appointed by the district judge to represent the petitioner, an indigent, in the criminal proceeding. Mr. Krysl conferred with the petitioner on two occasions, the first time on the 2nd day of January, 1961, and the second on the day set for trial, January 9, 1961.

At the trial, pursuant to inquiry by the court, the petitioner answered that he was twenty-six years of age; that he had not

employed an attorney for himself; and that the court had previously appointed Mr. Krysl to represent him. Petitioner acknowledged that Mr. Krysl had talked with him. The transcript of the proceedings further discloses:

"THE COURT: Is it satisfactory to you that he be appointed as your attorney in this matter?

"THE DEFENDANT: Yes, sir.

"THE COURT: Very well. Are you ready for arraignment, Mr. Krysl?

"MR. KRYSL: We will waive formal arraignment, Your Honor.

"THE COURT: Are you ready to plead?

"MR. KRYSL: We are ready to plead, Your Honor.

"THE COURT: What is your plea?

"THE DEFENDANT: I plead guilty.

"MR. KRYSL: That is correct.

"THE COURT: Guilty?

"MR. KRYSL: Guilty, counts 1 and 2.

"THE COURT: What is the degree of these?

"MR. KRYSL: Count 1 is burglary in the second degree, and count 2 is robbery in the first degree.

"THE COURT: Count 2 is what?

"MR. KRYSL: Robbery in the first degree.

"THE COURT: Upon your plea of guilty, Mr. Witt, to the charge of burglary in the second degree, the Court finds you guilty of that charge; upon your plea of guilty to the charge of robbery in the first degree in the second count, the Court finds you guilty. Is there any legal reason you wish to urge why the sentence of the Court should not be pronounced at this time?

"MR. KRYSL: No legal reason. I would like to recommend to the Court, Your Honor, that these charges are serious crimes and so forth, but due to the length of time this man is going to have to serve down there, we would appreciate it if the Court would make the sentences concurrently; and secondly, as he has been unable to make bond up here, he has been incarcerated for thirty-four days in the Rooks County Jail, and I feel like possibly the Court ought to make an order that that time apply against the sentence. Now, with that exception, *we have no defenses.* I have no recommendation for parole, but I would like to make that pre-sentence recommendation, Your Honor." (Emphasis added.)

The court thereupon sentenced the petitioner to the Kansas State Penitentiary at Lansing, Kansas, for an indefinite term not to exceed ten years for the crime of burglary in the second degree, and for an indefinite term not to exceed twenty-one years for the crime of robbery in the first degree, such sentences to run consecutively.

The sentences were ordered by the court to run consecutively after colloquy between the court and counsel concerning previous offenses committed by the petitioner. The transcript then discloses:

"THE COURT: Has he done previous time?

"MR. OSBORN: He has been in previous trouble, however he did not serve time. He was paroled. Am I correct on this? If I am not, have you checked on that information?

"MR. KRYSL: No, I don't know.

"THE COURT: Sheriff, do you know?

"THE SHERIFF: He has served some time in Lansing.

"MR. OSBORN: I thought he had not.

"THE SHERIFF: This boy has served time in Lansing for forgery.

"*THE DEFENDANT: That is right.*

"THE COURT: How long has he been out of penitentiary?

"MR. KRYSL: He was out on parole at the time this happened, Your Honor.

"*THE DEFENDANT: Yes, sir.*" (Emphasis added.)

The 1507 proceeding was tried to the court on a motion originally filed by the petitioner on the form prescribed by Rule No. 121 of the Supreme Court, setting forth three points, and subsequently modified with assistance of court-appointed counsel to include seven points. The parties, after presenting the evidence, were given an opportunity to file briefs and requested findings of fact and conclusions of law. Each of the attorneys filed exhaustive briefs, and the trial court in a memorandum opinion made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT

"1. That this action is brought under K. S. A. 60-1507, is separately numbered and docketed as set out above and arose on motion of Movant who is a prisoner in custody and under sentence from this court in case number 9339.

"2. That a hearing on said motion was had on July 25, 1965, and that Movant was present in person and by his appointed Attorney, Henry L. Daniels, of Hill City, Kansas.

"3. That Movant is a prisoner at the Kansas State Penitentiary under consecutive sentences for Burglary in the second degree and Robbery in the first degree imposed by this Court on January 9, 1961.

"4. That Movant was arrested at Atwood, Kansas, the night of December 7-8, 1960, and immediately brought to Stockton, Kansas, by virtue of a complaint and warrant which was not shown by the record to be returned as executed by the sheriff of Rooks County to the County Court of Rooks County, Kansas.

"5. That Movant was held in the Rooks County jail from the time of his arrest on December 7, 1960, to December 27, 1960. During the process of interrogation, on December 15, 1960, Movant voluntarily made three statements to the Sheriff of Rooks County, Kansas, and to an agent of the Kansas Bureau of Investigation after first being advised by them that he did not have to make any statement at all, that he had the right for an attorney, and that any statement made by him could be used in Court against him.

"6. That on December 27, 1960, a new complaint was filed in the County Court of Rooks County, Kansas, and Movant was taken before the County Judge who recited in his journal entry that Movant appeared without counsel and waived his preliminary hearing.

"7. That the County Judge of the Rooks County Court explained Movant's rights to him by asking him whether or not he desired a preliminary examination, and that the preliminary examination was not a trial and could be waived, and that if he waived the preliminary examination he would be bound over for trial in the District court of Rooks County.

"8. That Movant was appointed counsel by the District Judge between December 27, 1960, and January 9, 1961. That appointed counsel conferred with Movant on two occasions prior to the acceptance of the plea of guilty on January 9, 1961, the first time being shortly after appointment of counsel on or about January 2, 1961, at which time counsel made a thorough investigation of the case against Movant, and discussed the position of the Movant with respect to the crimes charged, the evidence of the State, the punishment set forth in the statutes; and the second time being on January 9, 1961, prior to entry of Movant's plea of guilty, when counsel again discussed the position of Movant with respect to the crimes charged, the punishment set forth in the statutes, the evidence of the State, and counsel then also advised Movant of the effect of a plea of guilty to the charges, including the possibility of sentencing as a multiple offender.

"9. That no evidence, under oath, was presented to the District Judge at the time sentence was imposed nor were the consequences of a plea of guilty explained to Movant by the Court or the County Attorney.

"10. Movant was adequately represented and substantial justice was done in Case Number 9339.

"CONCLUSIONS OF LAW

"1. That Movant's rights to a preliminary hearing was not denied him in violation of K. S. A. 62-602 et seq., the Kansas Constitution Article 10, and the United States Constitution.

"2. That Movant was advised by capable and competent counsel of the consequences of a plea of guilty and was thereby afforded the protection of the Sixth and Fourteenth Amendments to the Constitution of the United States.

"3. That Movant's constitutional righs were not violated when he was permitted to waive his preliminary hearing after an explanation of his legal rights by a layman who in fact correctly stated the true status of Movant's rights under the Constitution and laws of the United States.

"4. That Movant's constitutional rights were not violated although he was in jail for a period of approximately 20 days before he was taken before the examining magistrate, and incriminating statements were made by Movant in the absence of counsel.

"5. That Movant has not sustained the burden of proof by a preponderance of the evidence and the record in Case Number 9339, and that his constitutional rights have not been violated, that his sentence is valid and that he is not entitled to discharge from custody. "

"Judgment is rendered accordingly. "

The petitioner first contends that his constitutional rights were violated in that he did not have a speedy trial in accordance with Article 10 of the Kansas Constitution and the Sixth Amendment to the United States Constitution, and that K. S. A. 62-602 was

violated in that he was not taken before an examining magistrate forthwith, there being a twenty-day interval between the time he was arrested and the time he was taken before an examining magistrate.

The petitioner next contends that during this twenty-day interval he was interrogated, statements were taken from him, and he was without counsel. Counsel for the petitioner argues that the petitioner was entitled to counsel during the twenty-day period he was held in jail because the prosecution had reached a critical stage regarding the petitioner and accusation had focused upon him, citing *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758. It is argued the appointment of counsel for the petitioner came too late—twenty-six days too late; three confessions too late; plus the ill-advised waiver of a preliminary examination without the assistance of adequate and competent counsel.

The petitioner contends he was not told by either the officers, his appointed counsel, Mr. Krysl, or the court that a plea of guilty would cut off any right to a jury trial, or a further hearing on the facts.

In the instant case the petitioner entered voluntary pleas of guilty to both of the offenses charged in the information. These pleas of guilty made without raising the question concerning the denial of a speedy trial constitute a valid and binding waiver of the right thereto. (57 A. L. R. 2d 302, 343.)

In the case of *In re Mote,* 98 Kan. 804, 160 Pac. 223, it was held:

"The constitutional guaranties in section 10 of the bill of rights, which insure to every person accused of crime a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, etc., are personal privileges which the accused may waive, and when they are freely waived by a person charged with crime, by a plea of guilty in a district court of general jurisdiction, it is too late thereafter to challenge the constitutionality of the statute conferring jurisdiction upon the court which imposed judgment upon him." (Syl. ¶ 1.)

In *Moore v. Hand,* 187 Kan. 260, 356 P. 2d 809, the foregoing statement was quoted with approval.

Undue delay in bringing one accused of crime before a magistrate was thoroughly considered in *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652. The court there held:

"Undue delay in bringing one accused of crime before a magistrate is not, of itself, a denial of due process. It is only where a preliminary delay in some way deprives an accused of a fair trial that there can be a denial of due process.

"The guaranty of a speedy trial contained in Section 10 of the Bill of Rights of the Kansas Constitution does not refer to the preliminary examination, but rather to the trial held after an indictment is returned or an information is filed, and at which the issue of guilt or innocence is to be determined.

"K. S. A. 62-1431 and 62-1432 are designed to give effect to the constitutional guaranty of a speedy trial, and those statutes give legislative definition to the term.

"Where one accused of crime pleads guilty to the offense charged against him, he thereby waives his right to a speedy trial (following *Moore v. Hand,* 187 Kan. 260, 356 P. 2d 809)." (Syl. ¶¶ 1 through 4.)

It is well established in this jurisdiction that a preliminary hearing is not a trial, and that the failure to appoint counsel for an indigent defendant in a criminal proceeding at a preliminary examination is not error. It has also been held that any so-called alleged irregularities pertaining to a preliminary examination are deemed to have been waived where a defendant enters a voluntary plea of guilty in the district court. (*State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *State v. Cox,* 193 Kan. 571, 396 P. 2d 326, cert. den. 380 U. S. 982, 14 L. Ed. 2d 276, 85 S. Ct. 1350; *State v. Jordan,* 193 Kan. 664, 396 P. 2d 342, cert. den. 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917; *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; and *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743.)

It has also been held the jurisdiction of a court to try a person accused of crime, or to accept his plea of guilty, is not divested by the fact that his arrest may have been irregular or unlawful. (*Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.)

The petitioner's contention that he was not told a plea of guilty to each of the counts would cut off any right to a jury trial, or any further hearing on the facts, is an uncorroborated statement. His appointed counsel, Mr. Krysl, did advise him of his right to a jury trial and the consequences of a plea of guilty, and the trial court so found in accordance with the evidence. The trial court also found Mr. Krysl adequately represented the petitioner, and its finding No. 8 establishes that Mr. Krysl was competent in representing the petitioner.

The petitioner contends that no evidence, under oath, was presented to the district court at the time sentence was imposed. On this point the petitioner contends the gratuitous statements of the prosecuting attorney concerning previous offenses led the court to impose an increased penalty by making the sentences run con-

secutively rather than concurrently. Assuming, without conceding, this argument to be valid, the defendant by his own statement to the court admitted the statement of the sheriff was correct, that he had served time in Lansing for forgery. He is bound by this voluntary admission made in open court at a time when he was represented by counsel who was also present.

K. S. A. 62-1512 provides in part:

"Whenever a person is convicted of two or more offenses charged in one or more informations, indictments, or complaints, whether such convictions take place at the same or at separate times, it shall be the duty of the sentencing judge to prescribe whether the sentences shall be served concurrently or consecutively."

In *McCarty v. Hudspeth,* 166 Kan. 476, 201 P. 2d 658, it was held that sentences may be made to run consecutively or concurrently where the charges are made in the same information. It is entirely within the discretionary power of the trial judge whether the sentences are to be served concurrently or consecutively. The trial court was entirely within its prerogative under the statute when it ordered the sentences imposed to run consecutively.

An examination of the record discloses the findings of fact made by the trial court are supported by the evidence, which in turn support the conclusions of law set forth in the memorandum opinion.

All points raised by the petitioner in his motion have been considered, except those abandoned in his brief on appeal.

The petitioner having failed to sustain the burden of proof in this 1507 proceeding is not entitled to a release from the judgment and sentence imposed against him in the criminal proceeding.

The judgment of the lower court is affirmed.