No. 44,816

Arnold Ferdinand John, *Appellant*, v. State of Kansas, *Appellee*.

(426 P. 2d 74)

Opinion filed April 8, 1967.

E. *Charles Hageman,* of Stockton, argued the cause and was on the brief for the appellant.

H. *D. Oelschlaeger,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal by the petitioner from an order of the district court of Rooks County, Kansas, denying relief in a proceeding instituted pursuant to K. S. A. 60-1507.

The petitioner raises three points on appeal: (1) That he did not have counsel at his preliminary hearing; (2) that he did not know the nature of the charges against him; and (3) that he was not advised of his right to a jury trial or an appeal.

The petitioner was granted a full evidentiary hearing upon his motion filed pursuant to K. S. A. 60-1507, at which he was present and represented by court-appointed counsel. Those testifying at the hearing were the petitioner, Mr. D. A. Hindman, his court-appointed attorney in the criminal proceeding, and the judge of the county court who conducted the preliminary hearing. At the conclusion of the hearing both the petitioner and the county attorney of Rooks County were given time to file requested findings of fact and conclusions of law.

The trial court made fourteen detailed findings of fact and concluded the petitioner was not entitled to relief on any of the grounds asserted in his motion. An examination of the record presented on appeal sustains the findings of the trial court on all material points and its conclusions of law based upon those findings.

The facts sustained by the record and the findings of the trial court may be summarized as follows:

The petitioner is an inmate of the Kansas State Penitentiary at Lansing, Kansas, having been sentenced for statutory rape by the district court of Rooks county, Kansas, on the 18th day of June, 1964. At that time he was a resident of Natoma, Osborne county, Kansas.

On Friday, June 12, 1964, the petitioner was arrested on a warrant charging him with statutory rape. It was alleged that on or about the 11th day of June, 1964, in Rooks county, Kansas, he "did then and there unlawfully, feloniously and wilfully, carnally and unlawfully know a certain female person [name omitted], age thirteen years, being the daughter of the defendant, Arnold Ferdinand John, contrary to G. S. 1949, 21-424, and against the peace and dignity of the State of Kansas."

The information upon which he was later tried was similarly worded and also designated the foregoing statute as having been violated.

On the morning of June 13, 1964, prior to the petitioner's appearance in the county court of Rooks county he consulted with Mr. D. A. Hindman, an attorney at law of Stockton, Kansas, by telephone. On that date bond was set but the preliminary hearing was continued until June 15, 1964. On his appearance June 13th in the county court the warrant was read to him by the county attorney. The statute under which he was charged was also read to him by the county attorney. (G. S. 1949 [now K. S. A.] 21-424.) The judge of the county court also advised him of his legal right to a preliminary hearing, fully explaining the nature of a preliminary hearing to him.

The petitioner again talked to Mr. D. A. Hindman in person and in private immediately prior to his preliminary hearing on June 15th, but Mr. Hindman did not accompany him to the preliminary hearing and was not present in court at the hearing.

When the petitioner appeared in the county court on the 15th day of June, 1964, he announced that he desired to waive his preliminary hearing to the charge of statutory rape and was bound over to the district court for trial.

On the 18th day of June, 1964, the petitioner was taken into the district court for arraignment and trial. At that time Mr. D. A. Hindman was appointed by the court to represent the petitioner, and he was given an opportunity to further consult with the petitioner. Mr. Hindman advised the petitioner, if he should enter a

plea of guilty to the crime of statutory rape as charged in the information, he would be sentenced for a term of one to twenty-one years in the state penitentiary. After further consultation the petitioner decided to plead guilty and ask for a parole immediately after his sentence was pronounced.

The trial court found the petitioner voluntarily entered a plea of guilty to the charge of statutory rape, as defined in 21-424, *supra*; that he fully understood the crime with which he was charged; and that at the time of his entry of a plea of guilty to the charge, he fully understood the charge against him and the consequences of a plea of guilty. The trial court also found that the petitioner understood the nature of the crime, the sentence which could be imposed, his right to a preliminary hearing if requested, and his right to a jury trial prior to the entry of his plea of guilty. The trial court further found the petitioner is a person of average intelligence, and that Mr. D. A. Hindman, who represented him as court-appointed counsel at the criminal proceeding, was an attorney of more than forty years' experience, with substantial practice in criminal law; that the petitioner at the time of his plea was represented by an extremely able attorney.

The record indicates Mr. D. A. Hindman, an attorney at law of Stockton, Kansas, was the only attorney the petitioner knew at the time he was arrested on the 12th day of June, 1964; that he consulted with Mr. Hindman and fully discussed the offense for which he was apprehended. The petitioner, an indigent, was informed by Mr. Hindman that he would not represent him unless he was appointed by the court to represent him.

Mr. Hindman testified at the 1507 hearing that when he consulted with the petitioner prior to the preliminary hearing, he explained the nature of a preliminary hearing to him; that he could waive the preliminary hearing, or he could have a preliminary hearing; that if he waived the preliminary hearing counsel would be of no benefit to him at that time because he could waive it himself; that if he decided to have a preliminary hearing he could have court-appointed counsel, and Mr. Hindman would represent him, if the court appointed him.

Inasmuch as the petitioner made a decision to plead guilty, Mr. Hindman informed the petitioner there would be no need for a preliminary hearing, or that he have counsel appointed for him at the preliminary hearing. Accordingly, it was not until just prior

to arraignment in the district court on the 18th day of June, 1964, that the petitioner made request for counsel. The court appointed Mr. Hindman to represent him.

The primary thrust of the petitioner's individual argument (added for the court's benefit in the record) seems to be that *after Mr. Hindman was legally appointed to represent him* there is no evidence or testimony on the part of anyone to show that either Mr. Hindman or the court ever advised him of his legal rights. We find no merit in this point. The petitioner did have the benefit of competent legal advice throughout the proceedings, and after his appointment Mr. Hindman was not obligated to rehash everything he had discussed with the petitioner prior thereto.

First, the petitioner contends the trial court erred in concluding his right to a preliminary hearing was not denied him. The petitioner contends he waived his preliminary hearing without knowing what in fact was happening.

This point has been raised on numerous occasions and found to be without merit on facts substantially identical to those in the instant case. Here the petitioner entered a plea of guilty to the charge set forth in the information after arraignment, at a time when he was represented by court-appointed counsel.

It is well established in this jurisdiction that a preliminary hearing is not a trial, and that failure to appoint counsel for an indigent defendant in a criminal proceeding at a preliminary examination is not error. It has also been held that any so-called alleged irregularities pertaining to a preliminary examination are deemed to have been waived where a defendant enters a voluntary plea of guilty in the district court. (*Witt v. State,* 197 Kan. 363, 416 P. 2d 717, and cases cited therein at p. 369 of the official report.)

Second, the petitioner contends he did not know whether he was charged with the crime of statutory rape or incest when he appeared before the county court for a preliminary hearing, and further that the information was defective or misleading.

The record does not sustain the petitioner on this point. He informed Mr. Hindman that he was charged with statutory rape when he first privately consulted with Mr. Hindman. The testimony of Mr. Hindman discloses the petitioner was quite sure about this because the county attorney advised him the penalty for statutory rape would be one to twenty-one years in the state penitentiary. The offense with which the petitioner was charged was specifically

set forth in the warrant and in the information. It made reference to the statutory section on statutory rape. The warrant was served upon him at the time of arrest, and the information was read to him prior to his entry of a plea, after he had consulted with counsel.

This court has held it proper for a person to be correctly charged with statutory rape and incest in two different counts of the same information. (*Wiebe v. Hudspeth,* 163 Kan. 30, 180 P. 2d 315, cert. den. 333 U. S. 848, 92 L. Ed. 1130, 68 S. Ct. 651.)

In the instant case the petitioner entered a plea of guilty to an information charging him with statutory rape, for which he was sentenced to be punished by confinement and hard labor for not less than one nor more than twenty years in the Kansas State Penitentiary at Lansing, Kansas, pursuant to G. S. 1949 (now K. S. A.) 21-424.

Here the petitioner was not charged or sentenced for the two crimes, but one only.

After sentencing, the petitioner made application for parole through his attorney, Mr. Hindman. In this oral application his attorney said:

". . . I will say that what happened, he made his decision to plead guilty. It was not at my urging. It was the procedure he desired to take himself. After consulting with him, and his telling of the facts, I agree that was the thing to do. This man has made a mistake, probably the most serious mistake a father can make. Now, he is extremely sorry for what happened. He had a choice of pleading guilty or going on the witness stand and lying, dragging his family through the court, which he didn't wish to do. He has adopted the attitude all the time he would like to go ahead and serve the penalty, serve whatever is necessary for him to do, then try to make amends to his family the best he can. . . ."

The petitioner's last contention is that nowhere in the transcript it is established as a fact that he was advised of his right to a trial by jury, as guaranteed by the United States Constitution, nor that he was advised of the consequences of a plea of guilty. On this point the record discloses the contrary.

The petitioner at his hearing on the motion testified that Mr. Hindman said he had no choice but to plead guilty; that he never advised him at any time that he was entitled to a jury trial, and then testified:

". . . He also stated that I should plead guilty and for the reason that it would be 90 days before I could have a jury trial, and, therefore, if I did plead guilty, I would go to the penitentiary and get credit for the 90 days rather than spend the 90 days in the county jail and not get credit."

By the petitioner's own testimony the county attorney advised him at the preliminary hearing that the penalty for statutory rape was one to twenty-one years. He thus knew the consequences of a plea of guilty to statutory rape.

The petitioner's contention that he was not advised of his right to appeal his conviction is without merit. (*Ware v. State,* 198 Kan. 523, 426 P. 2d 78.)

Upon a careful review of the record presented on appeal in the instant case, it cannot be said the trial court erred in denying the petitioner's application for relief.

The judgment of the lower court is affirmed.